Matter of the Estate of ROBERT J. McKIM, Deceased.

(Surrogate's Court, New York County, January, 1921.)

*Wills — construction of — when the gift is to a class it must be confined to the members of the class living at the date when the division is directed to be made — contingent remainders.*

PROCEEDING upon the construction of a will.

Stewart & Shearer, for petitioner.

Adam Wiener, for Remsen McKim.

Julius Miller, special guardian.

FOLEY, S. In this accounting proceeding a question of construction arises. Paragraph 4 of testator's will gave the sum of $100,000 in trust to the accounting

trustee, the income of which was to be paid to certain life beneficiaries, and further provided in part as follows: " * * * A. The interest on one such fourth part or twenty-five thousand dollars ($25,000) unto my son Robert A. McKim for and during his life, and upon his decease the said trust, with respect to such part, shall terminate and the principal of such fourth part shall be equally divided among all my surviving grandchildren *per capita* (not *per stirpes*), share and share alike, absolutely in fee simple. * * * "

The testator died October 20, 1915, leaving him surviving eight grandchildren. The life beneficiary died May 14, 1920. One of the grandchildren, Mary McKim Daingerfield, died October 22, 1918, leaving her surviving two infant children. The other grandchildren survived the life beneficiary. The question is, therefore, whether the deceased grandchild had a vested interest in the principal of the trust fund or whether the fund is payable only to the grandchildren who survived the life tenant. In other words, do the grandchildren who survived testator or those who survived the life beneficiary take? There are no words of present gift. The only words of gift are contained in a direction to divide and pay over at a future time upon the termination of the trust. These remainders are contingent remainders. *Matter of Buechner,* 226 N. Y. 440; *Matter of Crane,* 164 id. 71. The gift was to a class and must be confined to the members of the class living at the date when the division is directed to be made. *Matter of Baer,* 147 N. Y. 348; *Matter of Kimberly,* 150 id. 90. The intention of the testator seems clear. There is no gift over in the event of the death of any of the grandchildren, and the distribution ordered among the class designated is *per capita* and not *per stirpes*. This clearly indicates the testator's intention to include only those grandchildren who survived the life tenant. The three trusts created were for the benefit of his children. They were the

46

immediate objects of his bounty, not the ulterior remaindermen. The remainder was given in each instance not to the issue of each life beneficiary, but to all his surviving grandchildren at the termination of each trust.

The general rule is that the word " children " does not include grandchildren or remote descendants unless there is something in the will to show that the word was used in the broader sense. *Matter of Phipard,* 182 App. Div. 357; affd., 223 N. Y. 676. There is no indication in the language of testator's will of an intention to extend the word " grandchildren " used by him to his great-grandchildren or more remote descendants. A stirpital distribution is forbidden by the testator. As stated by Judge Cardozo in *Matter of Buechner, supra,* 443: " This is no case again for subtle distinctions between directions to pay or distribute and words of present gift. * * * Such tests may help to ascertain the membership of a class not otherwise defined. There is no need to resort to them when the testator has defined the membership himself. * * * We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail."

Decreed accordingly.