In the Matter of the Judicial Settlement of the Account of Proceedings of Westchester Trust Company, as Trustee under the Last Will and Testament of Henry R. Hicks, Deceased.

Surrogate's Court, Westchester County, June, 1922.

**Wills — construction of — trusts — death of remainderman before life tenant — vested remainder.**

A will by which all the rest, residue and remainder of testator's property, real, personal and mixed, was given in trust to pay the net income thereof to his wife during her life, provided that upon her death said residuary estate was to be divided by the testamentary trustee into four equal parts, with direction that

he pay over and deliver to a named daughter of the testator one of said parts. The trustee was directed to invest another of said parts, pay the net income to said daughter during her life, and at her death the whole of the principal of said one-fourth part, together with any income or increase thereof, was directed to be equally divided among and paid over to said daughter's surviving child or children, or in the event of her death without issue her surviving said principal was to be paid over to a granddaughter of testator, the child of another daughter. *Held*, that the one-fourth part of the residuary estate directed to be paid over to said daughter vested at testator's death and said daughter having died before her mother, the life tenant, leaving no surviving issue, said one-fourth part of the residuary estate of the testator herein passed to the husband of said daughter as sole legatee under her last will.

PROCEEDING for a judicial settlement of the accounts of a testamentary trustee.

*Wallin, Beckwith & Edie*, for trustee.

*Scrugham & Arbuckle (William W. Scrugham*, of counsel), for Rudolf Eickemeyer.

*Albert C. Jordan*, for Elsa H. Kroeber.

SLATER, S.   On this accounting a question of construction of the will arises.   The portion which is involved in the controversy is as follows:

" *Fourth.*   I give, devise and bequeath unto my Trustee hereinafter named, or the successor thereof, all the rest, residue and remainder of my estate, real, personal and mixed and wherever situated, to have and to hold the same IN TRUST nevertheless for the following uses and purposes:

" 1. To hold the same during the life of my wife and to collect the income, rents, issues and profits thereof, and after payment of all necessary and proper charges, to pay over unto my wife quarterly during her life the net income of such residuary estate.

" 2. Upon the death of my wife I direct that my Trustee hereinafter named do divide such residuary estate into four equal parts, and that it pay over and deliver two of said equal fourth parts to my grand-daughter, Elsa Hicks Kroeber, or if she is not then of age then the same may be paid to her General Guardian for her use and benefit, and that it pay over and deliver one of said equal fourth parts to my daughter Isabel Eickemeyer, and I direct that the remaining one-fourth part shall be invested by said Trustee and held by it during the life of my said daughter, Isabel Eickemeyer, and the net income paid quarterly over to her during her life, and at her death I direct that the whole of the principal of said one-fourth part, together with any income or increase thereof shall be divided equally among and paid over to the child or children of said daughter Isabel surviving her, or if she shall leave no child

or children surviving her, then I direct that the same in that event upon the death of said daughter Isabel shall be paid over to my grand-daughter Elsa Hicks Kroeber, the child of my daughter Eveline W. Kroeber."

The question relates to the vesting of one-fourth part which is to be paid over and delivered to Isabel Eickemeyer, the daughter of the testator. Isabel Eickemeyer died before her mother who was the life tenant, leaving no issue, but leaving her husband, Rudolf Eickemeyer, who is the sole legatee under the last will and testament left by her.

The granddaughter, Elsa H. Kroeber, claims that the one-fourth interest did not vest until the death of the life tenant, citing the cases supporting the " divide and pay over " rule of construction, as found in *Dickerson* v. *Sheehy*, 156 App. Div. 101; affd., 209 N. Y. 592; *Matter of McKim*, 115 Misc. Rep. 720; *United States Trust Co.* v. *Nathan*, 196 App. Div. 126; *Matter of Einstein*, 113 Misc. Rep. 105. Should this rule be applied in the instant case? Rudolf Eickemeyer contends that there was a vesting at the death of the testator.

The law favors testacy rather than intestacy. In other words, it holds that when a testator has made a will in solemn form he did not intend to make it a solemn farce, that he did not intend to die intestate when he has gone through the form of making a will. The general scheme of the will in the instant case shows that testator contemplated a complete distribution of his estate.

It is the opinion of the court that the " divide and pay over " rule of construction does not apply in the instant case. This rule of construction is made a canon of construction, and must be made subsidiary to the general intention of the testator as expressed in the will. While there are no present words of gift, the gift over is not to a class, as in *Matter of Buechner*, 226 N. Y. 440, and *Matter of Kissam*, 115 Misc. Rep. 724, but to definite named persons. The principles set forth in the following cases apply to the instant case: *Matter of Embree*, 9 App. Div. 602; affd., 154 N. Y. 778; *Cammann* v. *Bailey*, 210 N. Y. 19; *Fulton Trust Co.* v. *Phillips*, 218 id. 573; *United States Trust Co.* v. *Taylor*, 193 App. Div. 152; affd., 232 N. Y. 609. The intention of the testator is ascertained in his words and must prevail. It is the court's opinion that the estate vested at testator's death.

Decreed accordingly.