NEW YORK LIFE INSURANCE AND TRUST COMPANY, as Trustee, etc., under the Will of JABEZ A. BOSTWICK, Deceased, etc., Respondent, *v.* EGERTON L. WINTHROP, JR., as Executor, etc., of EVELYN BOSTWICK VORONOFF, Deceased, and Others, Respondents, Impleaded with MARION CARSTAIRS DE PRET and Others, Appellants, and DOROTHY S. BOSTWICK and Others, Defendants.

First Department, March 23, 1923.

Wills — construction — trust for benefit of wife and on her death for benefit of daughter — upon death of wife and daughter principal was directed to be delivered to issue of daughter share and share alike and in case of default of issue to next of kin of daughter — daughter died before mother — estate became vested in next of kin of daughter at time of her death — Real Property Law, § 40, and Personal Property Law, § 11, applied — next of kin took per capita.

A will devised property in trust for the benefit of the wife of the testator during life and upon her death for the benefit of his daughter during her life, with direction that " upon the death of my said wife and daughter to convey, assign and deliver the said estate real and personal so held in trust to the lawful issue of " the daughter " share and share alike, or in default of such issue to the next of kin of said " daughter. The daughter died without issue before her mother.

*Held,* that the estate vested in the next of kin under section 40 of the Real Property Law and section 11 of the Personal Property Law at the date of the death of the daughter;

That the next of kin took *per capita* and not *per stirpes.*

APPEAL by the defendants, Marion Carstairs de Pret and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 4th day of March, 1922, upon the report of a referee settling the accounts of the plaintiff, as trustee, etc., under the will of Jabez A. Bostwick, deceased.

*Lawrence Atterbury* [*Charles Green Smith* of counsel], for the appellant Marie S. Gilbert, individually and as executrix, etc.

*Morris & McVeigh* [*Charles S. McVeigh* of counsel], for the appellant Marion Carstairs de Pret.

*Geller, Rolston & Blanc* [*Charles Angulo* of counsel], for the appellant Farmers' Loan and Trust Company, as executor, etc.

*Garrett A. Brownback,* guardian *ad litem,* for the appellants Evelyn Francis and another.

*Seacord, Ritchie & Young* [*Albert Ritchie* of counsel], for the defendants New Rochelle Trust Company and another, as guardians, etc.

*Winthrop & Stimson* [*Frederick W. Stelle* of counsel], for the respondent Egerton L. Winthrop, Jr., as executor, etc.

*Philip W. Boardman,* guardian *ad litem,* for the respondents Albert C. Bostwick and others.

Finch, J.:

This is an appeal by certain of the defendants from a decree construing the 1st paragraph of article 4 of the will of Jabez A. Bostwick, deceased, which reads as follows:

" All the rest, residue and remainder of my estate, real and personal, of whatever nature and description, I desire and direct to be divided into three equal parts, and I devise and bequeath said equal parts as follows: 1st. One of said equal third parts I devise and bequeath to the New York Life Insurance and Trust Company, in trust to manage and protect the same and to receive the rents, issues and profits thereof and to pay the same quarterly as they accrue to my wife Helen C. Bostwick during her natural life, and upon her death to pay the same quarterly as they accrue to my daughter Mrs. Nellie Bostwick Morrell during her natural life, and upon the death of my said wife and daughter to convey, assign and deliver the said estate real and personal so held in trust to the lawful issue of Mrs. Nellie Bostwick Morrell share and share alike, or in default of such issue to the next of kin of said Mrs. Morrell."

Mrs. Morrell died without issue before her mother, Helen C. Bostwick. The questions presented for decision are whether the next of kin of Mrs. Morrell should be ascertained as of the date of the death of Mrs. Morrell on January 13, 1906, or as of the date of the death of Mrs. Bostwick on April 27, 1920, and whether the next of kin should take *per stirpes* or *per capita.* The report of the referee, which was confirmed by the decree appealed from, found first that the latter date should control, and second that the next of kin should take *per stirpes.* In both respects the learned referee was in error. As has already been pointed out by this court, it is not possible to find evidence of a clear and uncontradictory testamentary intention sufficient to compel a construction of the words in the above subdivision other than the construction that the words import as found in said subdivision. (*Matter of*

*Bostwick*, 203 App. Div. 158; *Matter of Buechner*, 226 N. Y. 440, 444.) Considering now the language used in the paragraph above set forth, it is clear that the words " * * * upon the death of my said wife and daughter to convey, assign and deliver * * * " do not show an intention to annex a condition of futurity to the gift. The words " upon the death of my said wife and daughter " do not imply as much futurity as " after the decease " and the latter have been expressly held not to prevent a vesting. (*Matter of Ossman v. Von Roemer*, 221 N. Y. 381; *Matter of Bostwick, supra.*) In *Livingston* v. *Greene* (52 N. Y. 118, 123) the court said: " The words ' after ' and ' upon the death of my wife,' and like words, do not make a contingency, but merely indicate when the remainder shall take effect in possession — the commencement of the enjoyment of the estate. *Moore* v. *Lyons* (25 Wend. 119) is an authority covering this whole case. (4 Kent, 203, and note; *Doe* v. *Provoost*, 4 Johns. 61; *Boraston's Case*, 3 Coke R. 19; 2 Cr. Dig. 295; *Meyer* v. *Eisler*, 29 Md. 28.)" The words " to convey, assign and deliver," used as above, imply less futurity than a like use of the words " divide and pay over," and even the latter require, in order for a contingency to exist in connection with their use, that the gift shall also be conditioned upon an event to be determined in the future. (*Smith* v. *Edwards*, 88 N. Y. 92, 103.)

The difficulty with the contention urged by the respondents is that at the death of Mrs. Morrell, any uncertainty as to those who were to take was removed by her death without issue, and her next of kin were ascertained and were the persons who would take upon the termination of the preceding life estate of her mother. In other words, upon the death of Mrs. Morrell, the words of the statute laying down the principle upon which an estate is to be deemed vested, directly apply. (Real Prop. Law, § 40.) That section provides that: " A future estate * * * is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates." This principle applies also to personal property. (Pers. Prop. Law, § 11.)

It follows, therefore, that the estate must be held to have been finally vested at the death of Mrs. Morrell.

Coming now to the question as to whether the next of kin of Mrs. Morrell, determined as of her death, should take *per capita* or *per stirpes*. There is a general presumption that a *per capita* distribution was intended in the absence of evidence to show the contrary intention. (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168, 173.) Not only is there no evidence to show a contrary intention in the case at bar, but what evidence there is points the

other way. It is to be noted that there are no words showing an intention of the testator to compel a *per stirpes* division in connection with the next of kin or a division according to the Statute of Distribution. Any attempt so to find is instantly rebutted by the words " share and share alike " as applied to the issue of Mrs. Morrell. Even if the testator had not used the phrase " share and share alike " the distribution to the issue would have been *per capita.* (*Soper* v. *Brown,* 136 N. Y. 244; *Schmidt* v. *Jewett,* 195 id. 486; *Petry* v. *Petry,* 186 App. Div. 738; affd., *sub nom. Petry* v. *Langan,* 227 N. Y. 621.) The language of the will would seem to lend itself to the implication that the next of kin were to take in the same ratio as the issue, whose place is taken by the next of kin. If the testator had not intended that the next of kin were to take in the same manner as he indicated in the case of issue, it would not only have been natural but would have been almost certain for him to have felt the necessity of indicating a different method of taking for the next of kin, when the words " share and share alike " were used in such close juxtaposition. When the testator was so careful to be certain that the lineal descendants should take *per capita,* there would be at least as great reason if not greater, for collateral relatives to take in the same way. Reading the words of the will in their ordinary acceptation, it seems clear that the words " next of kin " were used to denote simply a class who would take, and euphony and common usage were responsible for the failure to repeat the words " share and share alike " the second time after the words " next of kin." As in the " absence of any modifying language of the will, [they] would take  *  *  *  *per capita* " (*Woodward* v. *James,* 115 N. Y. 346, 358), it would seem to be penalizing the knowledge of the testator to hold that the absence of surplusage of the words " share and share alike " should be held to have indicated a different intention.

It follows that the decree should be reversed,with costs separately to the appellants appearing by separate counsel and filing briefs herein, and judgment entered in accordance with this opinion.

CLARKE, P. J., PAGE, MERRELL and McAVOY, JJ., concur.

Decree reversed, with costs to the appellants appearing by separate counsel and filing briefs, and judgment directed in accordance with opinion. Settle order on notice.