In the Matter of the Estate of ELLEN M. SMITH, Deceased.

Surrogate's Court, New York County, November, 1923.

**Wills — construction — gift to a class — term " children " in will interpreted not to include grandchildren.**

The term " children " in a will must be taken in its primary sense in the absence of any indication of intention to include grandchildren.

Testatrix devised and bequeathed one-sixteenth of her residuary estate to her brother-in-law and, in the event of his death before her, said part of her residuary estate was by a later paragraph of the will given to his surviving children. The brother-in-law predeceased the testatrix, leaving him surviving seven children, one of whom died after the father and before the testatrix, leaving her surviving an infant daughter. *Held,* that said granddaughter of the brother-in-law of testatrix was not entitled to participate in the distribution of her estate.

PROCEEDING to account and for construction of a will.

*Eugene Morgan Hawkins,* for executrix.

*Edward J. Dunphy,* for petitioners.

*Peck & Hancock,* for legatees.

*William C. Orr,* for Home for the Aged.

*Charles Brandt, Jr.,* special guardian.

O'BRIEN, S. This application to construe certain parts of the will is made in an accounting proceeding. After providing for a number of bequests the testatrix in paragraph " eighteenth " says in part " the rest, residue and remainder of my property, of every description, I give, devise and bequeath as follows, viz: * * * To my brother-in-law, Thomas F. Smith, one-sixteenth thereof." In paragraph " twenty-first " the testatrix further provides: " In the event of the death of Thomas F. Smith before me, I give, devise and bequeath the share of my estate given and bequeathed to him in section ' Eighteenth ' of this instrument to his surviving children."

·The contingency anticipated by the testatrix occurred. Thomas F. Smith, mentioned in paragraph " eighteenth," predeceased the testatrix, leaving him surviving seven children. One of these children, Annie B. Dexheimer, died after the father and before the

MATTER OF ANNA REGNAULT. **663**

Misc. 663]    Surrogate's Court, New York County, November, 1923.

testatrix, leaving her surviving an infant daughter, Mary M. Dexheimer, who is still living.

The question arises whether the said infant is to participate in the distribution of the share of her grandfather, Thomas F. Smith, under the provisions of paragraph " twenty-first." The substitutional gift in said paragraph was to a body of persons uncertain in number at the time of the gift and to be ascertained at some future time (*Matter of King*, 200 N. Y. 189), and accordingly was a gift to a class (*Matter of Pulis*, 220 N. Y. 196, 204; *Matter of McKim*, 115 Misc. Rep. 720; *Matter of Baer*, 147 N. Y. 348; *Matter of Seebeck*, 63 Hun, 179, and cases cited; *Magaw* v. *Field*, 48 N. Y. 668), and the children of Thomas F. Smith who survived both him and the testatrix are the only ones to take. The point raised by the special guardian for the infant Mary M. Dexheimer that the term " children " includes grandchildren is not well taken. There is nothing in the will to indicate an intention on the part of the testatrix to so use said term, and it must be taken in its primary sense. *Hunt* v. *Wickham*, 197 App. Div. 800; *Matter of Phipard*, 182 id. 357; affd., 223 N. Y. 676; *Matter of Montgomery*, 177 App. Div. 799; *Matter of Pulis, supra; Matter of McKim, supra*. Accordingly I hold that the said infant Mary M. Dexheimer is not entitled to participate in the distribution.

Proceed with the account accordingly.

Decreed accordingly.