MATTER OF ANNIE P. SCHLOSS. 365

Misc. 365]    Surrogate's Court, New York County, January, 1924.

In the Matter of the Estate of ANNIE P. SCHLOSS, Deceased.

Surrogate's Court, New York County, January, 1924.

Wills — construction — trusts — exception to "divide and pay over" rule — death of one of remaindermen before life tenant — when remainderman's share vested in him — when phraseology of will created no contingency — when legacy deemed lapsed — Decedent Estate Law, § 29, applied.

The exception to the "divide and pay over" rule that where the postponement of the transfer or payment to a testamentary beneficiary is for the purpose of letting in an intermediate estate then the interest is deemed vested at the death of the testatrix and the remaindermen determined as of that date, is based upon the theory that the law favors the vesting of estates.

The testatrix created a separate trust fund with direction to pay over the net income, issues and profits thereof to her sister for life and " after the death " of said sister to divide and distribute four-fifths of the trust fund among H., L. and M., brothers of the testatrix, and her niece E. in fixed and certain shares. The remaining fifth she directed to be paid to two daughters of her brother J. share and share alike, and in the event of the death of said nieces or either of them before the distribution of the trust fund and without issue them surviving, the share or shares of the one or ones so dying was to be directed to be paid to E. and to L. and J. All the rest, residue and remainder of the estate of testatrix was given to E. and her husband and to H., M. and J., brothers of testatrix, share and share alike. M., one of the remaindermen of the trust fund, predeceased the life tenant, leaving him surviving a wife but no children. Held, that as the only reason for postponing the payment of the trust fund to the remaindermen was to provide a life income for the sister of testatrix, M.'s share therein vested in him at the death of the testatrix and was payable to his heirs and next of kin.

The words " after the death " of the sister of the testatrix created no contingency but merely indicated when the remainder of the trust fund should take effect in possession, and the will setting forth no condition which in the future might make the interest of M. contingent, his right to the enjoyment of his share was merely postponed in order to let in an intermediate estate.

Under section 29 of the Decedent Estate Law a legacy to an aunt of testatrix who predeceased her lapsed and was distributable as part of the residuary estate.

ACCOUNTING proceeding and application for construction of a will.

Ross, Reiburn & Kaufman, for Harry D. Prince, L. Austin Prince and Ethel Prince Fairfax.

Alonzo C. Lowenstein, for Louise Prince.

Myers & Goldsmith, for substituted trustee.

Samuel J. Joseph (Joseph B. Kaufman, Michael E. Reiburn and William L. Gross, of counsel), for John J. Prince, Etta P. Trask and Irene Greenthal.

O'BRIEN, S. This is an application for a construction of the will of decedent upon an accounting.

Surrogate's Court, New York County, January, 1924.          [Vol. 122

The testatrix herein, Annie P. Schloss, died on the 25th day of April, 1919, and her last will and testament was duly probated in this court on the 12th day of June, 1919. After making certain cash bequests the testatrix, in subdivision " seventeenth " of the will, directed her executors to turn over the entire residue of the estate to certain trustees, of whom the accounting trustee is the successor, said estate to be held in trust under the following conditions:

" I. To sell any or all of my said estate at such time or in such manner and as soon after my decease as· may be practicable or advisable, and to set apart in separate and exclusive trust the sum of Forty thousand ($40,000) dollars, and to invest and keep invested the same in securities approved by law for investments by trustees, and to pay over the net annual income, issues and profits thereof to my sister, Adelaide Prince, during her life, and after the death of the said Adelaide Prince to divide and distribute the said trust fund as follows:

" After making the particular payments herein provided to be made out of said sum of Forty thousand ($40,000) dollars, to divide the remaining part of said trust fund as follows, that is to say: to pay the one-fifth (1/5) part thereof to my brother, Harry Prince; to pay the one-fifth (1/5) part thereof to my brother, L. Austin Prince; to pay the one-fifth (1/5) part thereof to my brother, Morris Prince; to pay one-fifth (1/5) part thereof to my niece, Ethel Prince Fairfax; and to pay the remaining one-fifth (1/5) part thereof to my nieces, Irene Prince and Mrs. Charles Trask, daughters of my brother, John J. Prince, equally, share and share alike; and in the event of the death of my said nieces, Irene Prince and Mrs. Charles Trask, or either of them, before the distribution of the said trust fund and without leaving issue them surviving, I direct that the share or shares of the one or ones so dying shall be paid to Ethel Prince Fairfax, L. Austin Prince and John J. Prince.

" II. To distribute the rest, residue and remainder of my said estate of any and every character and whatsoever to and amongst my brothers, Harry Prince, Morris Prince and John J. Prince, and my said niece, Ethel Prince Fairfax and her husband, Bernhard Fairfax, equally, share and share alike."

One of " the particular payments " which the testatrix directed to be made out of the said trust fund of $40,000 is set forth in paragraph 13 of the will, which reads as follows:

" *Thirteenth.* I give and bequeath unto my aunt, Carolyn Emanuel, the sum of Seven hundred and fifty ($750) dollars, and I hereby give, devise and bequeath unto Carolyn Emanuel a further and additional sum of Five hundred ($500) dollars to be paid to her out of and from the funds given in trust to my Trustees for

MATTER OF ANNIE P. SCHLOSS. **367**

Misc. 365]      Surrogate's Court, New York County, January, 1924.

the benefit of my sister, Adelaide, and to be paid by my Trustees to the said Carolyn Emanuel after the death of my sister Adelaide and the expiration and termination of the said trust."

Morris Prince, one of the remaindermen of the aforesaid trust, died on April 25, 1921, leaving a wife but no children, and predeceasing the life tenant, Adelaide Prince, who died on the 7th day of July, 1923. Carolyn Emanuel, to whom the sum of $500 is given, payable out of the trust fund of $40,000, predeceased the testatrix, having died on November 5, 1918.

The first question to be determined is whether the provision for the participation of Morris Prince in the remainder of the trust fund vested in him, at the death of testatrix, a one-fifth share thereof, so that upon his death his heirs and next of kin succeeded to his share; or his interest was only contingent, so that it lapsed upon his death before the termination of the trust, and either inured to the benefit of the survivors of those among whom the fund was to be divided, or was distributable under the provisions of paragraph II as part of the residuary estate.

Considerable argument has been advanced as to the significance of the language used " and after the death of said Adelaide Prince to divide and distribute the said trust fund," it being claimed that this language brought the remainder under the rule of " divide and pay over," making the remainder contingent, so that upon the death of Morris Prince before the life tenant, his interest lapsed and was distributable under the provisions of the residuary clause in the will. The rule, that where the only words of gift are found in a direction to divide or pay over at a future time, the gift is future and contingent, has many exceptions, one of which is that where the postponement of the transfer or payment to the beneficiary is for the purpose of letting in an intermediate estate, then the interest is deemed vested at the death of the testator, and the remaindermen are determined as of that date. *Matter of Trevor*, 120 Misc. Rep. 22, 30, 31; *Matter of Clarke*, Id. 191; *Matter of Lowerre*, 104 id. 570, 577; *Matter of Embree*, 9 App. Div. 602; affd., on opinion of court below, 154 N. Y. 778. The foregoing exception to the " divide and pay over " rule is based upon the theory that the law favors the vesting of estates, and where an examination of the will shows, as in the present instance, that the only reason for postponing the payment to the remaindermen of the property constituting the trust fund for the sister of testatrix, is to provide an income for said sister during her life, said remainder must of necessity be deemed vested at the death of the testator. *U. S. Trust Co.* v. *Taylor*, 193 App. Div. 153; affd., on opinion of the court below, 232 N. Y. 609; Real Prop.

Law, § 40; Pers. Prop. Law, § 11. That such was the intention of the testatrix is evident. The gift was not to a class but to certain specified donees, the number of whom and the share of each being fixed and certain. *Herzog* v. *Title Guarantee & Trust Co. of N. Y.*, 177 N. Y. 86, 97; *Matter of Clarke, supra; Matter of Hicks*, 119 Misc. Rep. 6.

The words " after the death of the said Adelaide Prince " do not make a contingency, but merely indicate when the remainder shall take effect in possession (*Livingston* v. *Greene*, 52 N. Y. 118, 123), and to constitute a contingency in connection with the use of the words " divide and distribute," the gift must be conditioned upon an event to be determined in the future. *Smith* v. *Edwards*, 88 N. Y. 92, 103; *N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 204 App. Div. 803, 805. In the present will no condition is set forth which, in the future, might make the interest of Morris Prince contingent. His right to the enjoyment of his share was merely postponed in order to let in an intermediate estate, viz., to provide an income to a sister during her life.

As regards the provision in the " thirteenth " clause of the will, Carolyn Emanuel having predeceased the testatrix, the legacy lapsed (Decedent Estate Law, § 29), and should be distributed as part of the residuary estate in accordance with paragraph " twentieth."

Accordingly I hold: *First,* that the share of the remainder which Morris Prince would have taken, were he living, is payable to his heirs or next of kin. *Secondly,* that the legacy of $500 payable out of the remainder of the trust fund to Carolyn Emanuel lapsed, and is distributable as I have already stated. Proceed with the account accordingly.

Decreed accordingly. _____