In the Matter of the Judicial Settlement of the Account of Proceedings of EDWARD H. FISCHER, as One of the Executors, etc., of MARIA FISCHER, Deceased.

Surrogate's Court, Bronx County, May 21, 1925.

**Wills — construction — devise to nephews and nieces construed to be per capita.**

A devise in a will of property to " my nephew Louis Fischer, son of my brother-in-law Louis Fischer, deceased, and to Marie M. Fischer and Elsie Fischer (they being the daughters of George Fischer, deceased) absolutely " is construed to be a devise to the nephew and nieces *per capita* and not *per stirpes.*

PROCEEDING for construction of will upon judicial settlement of executor's account.

*Charles Brandt, Jr.,* for the executors.

*F. H. LaGuardia,* for the objecting legatees, Marie M. Fischer and Else Fischer.

SCHULZ, S.:

By her last will and testament the decedent has divided her residuary estate into four equal parts or shares and directed that they be paid over as follows:

One of such parts to the two sons of her brother-in-law, George Fischer; one to Jacob Wollpert whose relationship to the decedent is not stated in the will, and one to the five children of a deceased sister, Magdalena Osewald. The last of such parts she disposed of in the following language: " * * * another of said equal parts I direct them to pay over to my nephew *Louis Fischer,* son of my brother-in-law Louis Fischer, deceased, and to *Marie M. Fischer* and *Else Fischer* (they being the daughters of George Fischer, deceased) absolutely.

Marie M. Fischer and Else Fischer, two of the persons above named, contend that the decedent intended by the language used to distribute the one-fourth share there disposed of to Louis Fischer and to them *per capita*, each to receive one-third thereof, whereas Louis Fischer urges that the language indicates a desire that it be distributed *per stirpes* and that he receive one-half thereof and that the remaining one-half be divided between Marie M. Fischer

and Else Fischer. The grounds of the latter contention are stated to be that the general scheme of the will shows that the decedent had in mind that the children of certain classes of deceased relatives were to receive the shares their respective parents would have received, if alive, and that the grammatical construction of the provision, the use of the word " and " between the words " Louis Fischer, deceased," and the words " to Marie M. Fischer," indicates such an intent.

There are certain rules of construction which experience has indicated are helpful in ascertaining the intent of the decedent where the language used causes a doubt. They are, of course, not arbitrary, and always yield to the intent of the testator when that can be ascertained from the whole will, and they are only applied when there is nothing in the will from which such an intent can be gathered.

In this document I find nothing to warrant the conclusion that the shares given to children of certain relatives are the shares which such relatives would have taken, if living.

The rule is that the law favors *per capita* distribution (*New York Life Insurance & Trust Co.* v. *Winthrop*, 204 App. Div. 803, and cases cited), and as there is nothing in this will which indicates a contrary intent, that rule, I think, should be applied, unless the grammatical construction referred to makes a contrary disposition imperative.

I do not think that the conjunction " and " shows an intent to separate the legatees into two classes for purposes of distribution, one being Louis Fischer, and the other consisting of the other two legatees. The use of the conjunction " and " was necessary because Louis Fischer was stated to be the son of a brother-in-law of the decedent, whereas the other two legatees were described as daughters of another person. If the conjunction had been omitted, the construction would have been somewhat awkward, if not unintelligible.

I, therefore, hold that the intent of the decedent was to distribute one-fourth of all the rest, residue and remainder of her estate to the three persons, Louis Fischer, Marie M. Fischer and Else Fischer, above named, share and share alike.

Settle decision and decree accordingly.