In the Matter of the Estate of HENRY ELDERD, Deceased.

Surrogate's Court, New York County, December 4, 1930.

PROCEEDING on accounting involving construction of will.

*Shiland, Hedges, Nicoll & Pelham,* for the petitioners.

*Brown & Herman,* for Ethel Dolan and others.

*Richards, Smyth & McGrath* [*John P. McGrath* of counsel], for Mary E. Wallin.

*Hooley & Wilson,* for Minnie Dooley and others.

*John J. Robinson,* special guardian.

O'BRIEN, S. In this accounting proceeding the court is asked to determine the disposition of a portion of the remainder, under paragraph 7 of the will of the testator. By that paragraph he

devised certain real property to his daughter, Emma Matilda Cross, for her life, and then provided: " and if upon her death she shall leave surviving her any children or issue or descendants of children of hers, then and in that case I give, devise and bequeath the said last mentioned real property to such children, issue and descendants who shall take the same in equal shares by representation. And should she leave her surviving no such children, issue or descendants, then and in that case I give, devise and bequeath five equal sixth parts of the said real property to the said Charles H. Elderd, Seaman Elderd, John Elderd, Trewell P. Elderd and Julia Ann Hall, children of my deceased brother John Elderd, one equal sixth part to each, and four equal twenty-fourth parts thereof to the said Harry Elderd, George W. Elderd, Annette Elderd and Mary Ella Elderd, children of my nephew, George Elderd, one-twenty-fourth part to each." He further provided as follows: " Should either of the said nine last named devisees have died before my said daughter Emma Matilda leaving issue or descendants living at her death, such issue and descendants shall take in equal shares by representation the share or portion which their parent would have taken if living. And should any of the said nine last named devisees so die without leaving any such issue or descendants, then the share or portions which would have been taken by the devisee so dying shall go to and be divided amongst his or her next of kin in the proportions wherein they would have taken the same pursuant to the laws of this State had such devisee died intestate."

Emma Matilda Cross, the life tenant, died without leaving issue or descendants her surviving. Annette Elderd and Harry Elderd, two of the children of testator's nephew, George Elderd, predeceased the life tenant without leaving issue them surviving. Under the terms of the will, the one-twenty-fourth share of the remainder which would have been payable to each of them had they survived the life beneficiary became payable to their next of kin. The question raised is whether such shares passed to their next of kin as of the date of the death of Emma Matilda Cross, the life beneficiary, to wit, January 6, 1930, or as of the dates of their respective deaths.

The determination of this question depends upon the intention of the testator as to whether the shares of the next of kin of Annette Elderd and Harry Elderd should vest at the time of their deaths, respectively, or at the death of the life beneficiary. I hold that the vesting of the remainder was clearly postponed for all purposes until the death of the life beneficiary. The gift of the remainder was clearly a gift to a class. In the event that the life beneficiary

left issue her surviving, such issue were to take the remainder. Until her death it could not be determined whether she left issue surviving. In the event that she left no issue surviving, the testator provided a substitutional gift over of the remainder to the children of his deceased brother, John Elderd, and the children of his nephew, George Elderd, in the proportions specified, with the contingency, however, that should any of these devisees die before the life beneficiary, leaving issue or descendants living *at her death*, such descendants were to take the share the parent would have taken if living. Thus, again, the determination of the class who were to take in the event the life beneficiary left no issue was postponed until her death. Throughout this entire paragraph survivorship was a condition of the ultimate gift of the remainder. The gift was clearly contingent. Distribution was postponed until the death of the life beneficiary. It is well settled that where final division and distribution is to be made among a class, the benefits of a will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Matter of Baer*, 147 N. Y. 348; *Matter of Kimberly*, 150 id. 90; *Matter of Crane*, 164 id. 71; *Gilliam* v. *Guaranty Trust Co.*, 186 id. 127; *U. S. Trust Co.* v. *Nathan*, 196 App. Div. 126; *Matter of McKim*, 115 Misc. 720.) Only then does the remainder vest. In *N. Y. Life Insurance & Trust Co.* v. *Winthrop* (237 N. Y. 93) a similar question arose. There the testator devised and bequeathed a specified part of his estate to a trustee with directions to pay the income thereof to his wife during her life, and upon her death to pay the same to a designated daughter during her life, and upon the death of his wife and daughter to convey, assign and deliver the estate so held in trust to the lawful issue of his daughter, or in default of such issue, to the next of kin of his daughter. The daughter died without issue, predeceasing her mother. The court pointed out: " We deal, therefore, with a gift which, at least up to a certain point, was contingent and defeasible, a gift to which survivorship at some time in the future was annexed as a condition. Since a contingency existed, since the testator did not intend that the interests of issue should vest as soon as they were born, his expectation must have been that the vesting would be postponed until the trust was at an end (*Bowman* v. *Bowman, supra* [1899 A. C. 518]; *Young* v. *Robertson*, 4 Macq. 314, 319, 320; *Vincent* v. *Newhouse*, 83 N. Y. 505, 511). If it was postponed till then for issue, it was postponed for next of kin."

In holding that the gift to the next of kin of the daughter must be confined to those living at her mother's death, the court also significantly stated (at p. 104): " Issue living at the daughter's

death, had there been any, would themselves have been next of kin, if the class of next of kin was to be determined at that time. The result would be that in the event of their death before the trust was ended, the substitutionary gift would fail. This is not what the testator meant. The next of kin were to be ascertained as if the daughter had lived up to the time prescribed for distribution."

I, therefore, hold that the shares of the estate which would have been payable to Annette Elderd and Harry Elderd, had they survived the life beneficiary, passed to their next of kin respectively as of the date of death of the life beneficiary.

Submit decree on notice construing the will and settling the account accordingly.