## In the Matter of the Estate of JOHN MINTURN, Deceased.

Surrogate's Court, New York County, April 27, 1934.

*Frederic A. Behrens*, for the objectants.

*Eugene Morgan Hawkins*, for the objectants.

*Mitchell, Taylor, Capron & Marsh*, for the trustee.

*Alfred C. Bennett* [*Edgar F. Sachs* of counsel], for the legatees.

*Schnitzler, Topken & Farley* [*Philip F. Farley* of counsel], for Margaret M. Brown, guardian of the property of Frank X. Brown, Jr., infant.

*Samuel E. Lepler* [*Reginald B. Williams* of counsel], special guardian.

FOLEY, S.   Questions of construction are raised in this accounting proceeding in respect of the disposition of the remainder under paragraph third of the will.   The testator directed his trustee, upon the deaths of the life beneficiaries, " to divide the principal in equal shares to and among the children of Peter Ruck of New York City and of Eliza Moore of New York City, the issue of any deceased child of said Peter Ruck or Eliza Moore to take the parents' share."

(1) The principal question is, did the testator intend a division of the principal into two equal shares, with the further subdivision of one equal share among the children of Peter Ruck and the subdivision of the other equal share among the children of Eliza Moore?   Or did he intend an equal division of the remainder among all the children of Peter Ruck and Eliza Moore, share and share alike, without regard to the family to which they belonged?

The question is not free from doubt, but it would appear, from the structure of the paragraph creating the remainder and the general context of the will, that the testator intended an equal division of the remainder into two equal parts, one equal part to be distributed among the children of Peter Ruck and the other equal part among the children of Eliza Moore respectively.   Support for this conclusion is found in the language of the gift.   The direction is to divide the principal in *equal shares* to and among the children of the two designated persons.   Division into moieties was thereon indicated.   The repetition of the preposition " of " before the name Eliza Moore furnishes some slight indication of this intent.   If the testator, or the draftsman of the will, intended a division of the fund into fractions represented by the number of children and the issue of deceased children, it would have been more logical to have used the words " in equal shares " at the close of the sentence.   It is a coincidence that at the time of the making of the will, and at the death of the testator, there were six children of each of the designated persons.   During the period of the trust, certain of each of the children died, so that the fractional shares of the Ruck issue have been reduced to thirds and the fractional shares of the Moore issue to fifths.

In my opinion, the dominant intent of the testator was to treat the two families equally, and not to merge the division of the remainder into the general group of children of the two designated persons and the issue of deceased children.

(2) As to the subordinate question of construction, the remainder is unquestionably contingent as a gift to a class, determinable at the death of the last surviving life tenant.   (*Matter of Baer,* 147

N. Y. 348; *Matter of Kimberly,* 150 id. 90; *Matter of Crane,* 164 id. 71; *United States Trust Co.* v. *Nathan,* 196 App. Div. 126; affd., 233 N. Y. 505; *Matter of McKim,* 115 Misc. 720.)

The provision for the substitution of the issue of a deceased child and the direction to divide the remainder into two general parts, and also to divide the respective funds into further fractions, brings the gift of the remainder within the divide and pay-over rule.

(3) I hold further that by the direction that the issue of any deceased child should take the parent's share, a *per stirpes,* and not a *per capita,* distribution was intended. (*Matter of Lawrence,* 238 N. Y. 116; *Matter of Farmers' Loan & Trust Co.,* 213 id. 168; *Matter of Durant,* 231 id. 41.)

The testator clearly did not intend that a child or grandchild of a primary life beneficiary should participate with such beneficiary in the division of the remainder.

The proposed compromise of certain objections has been approved by the surrogate.

Proceed accordingly.