In the Matter of the Accounting of GEORGE HALSTEAD, as Executor of JOHN M. SHUTTS, Deceased.

Surrogate's Court, Yates County, December 18, 1947.

*John E. Sheridan* for executor-petitioner.

*Carter R. Kingsley* for Wanda E. Shutts, as administratrix of Allen D. Shutts, deceased, respondent.

McCANN, S. This is a proceeding seeking the construction of the third paragraph of the last will and testament of John M. Shutts, as well as an order authorizing the sale of some five acres of land for the sum of $75, and for an order authorizing and directing the executor to convey to the purchasers lands heretofore conveyed by certain heirs at law.

John M. Shutts died February 24, 1922, and his will dated January 29, 1921, was admitted to probate in the Surrogate's Court of Yates County on the 29th day of April, 1922.

John M. Shutts was survived by Walton N. Shutts, a brother, who died June 21, 1937; by the son of Walton N. Shutts, Allen Shutts, a nephew, who died June 6, 1924; by Lina Shutts, a sister, who died June 24, 1943; by Vina Shutts, a sister, who died November 17, 1935; by William Shutts, a brother, who died January 31, 1923; by the children of William Shutts, to wit, Irl Shutts, a nephew, and Lola Shutts Lott, a niece, who died January 24, 1935, leaving Nedra Lott Flowers, her daughter; by Nellie Shutts Halstead, a sister, who died January 22, 1945, and who left her children, Marjorie Halstead Bain, a niece of testator, and Mildred Halstead Wyman, a niece of testator. Emma Weatherwax, a sister, predeceased testator, but was alive at the date of the execution of the will of testator, having died August 26, 1921, leaving two children, nieces of testator, to wit, Maude Merkle and Dora Smith. No representative was appointed for the estate of Walton N. Shutts, but he was survived by his widow, Emma Shutts, as his only distributee and heir at law. Wanda E. Shutts is the administrator of the goods, chattels and credits of Allen Shutts, deceased. No representative was appointed for the estate of William Shutts, deceased, or of Lola Lott, deceased. George Halstead is the executor under the last will and testament of Lina Shutts and is executor under the last will and testament of Vina Shutts, and is administrator of the goods, chattels and credits of Nellie S. Halstead, deceased.

All of the nieces and nephews of testator were living at the time of the execution of the will and at the date of death of the testator.

The will of testator was prepared by J. Frank Matteson, who was not an attorney.

The will of John M. Shutts was a short one. It reads as follows:

" First. — I direct that all my just debts and funeral expenses be paid.

" Second. — I give devise and bequeath to Nellie Halstead One Thousand Dollars ($1,000); to Emma Weatherwax one Thousand Dollars ($1,000); to Lina Shutts Two Thousand Dollars ($2,000); to Vina Shutts Two Thousand Dollars ($2,000). If any of the above two thousand dollars willed to Vina Shutts is left at her death the balance is to go to the children of Nellie Halstead.

"Third. — The use of the residue of my property both real and personal I give, devise and bequeath to Vina Shutts and Lina Shutts with the privilege of using what is necessary of the principal for their comfort and support during their lifetime and the balance that is left to be divided equally among the children of Emma Weatherwax, Nellie Halstead, W. N. Shutts and William Shutts."

The particular provision of the will to be construed in this proceeding is paragraph third, above set forth.

The questions to be determined under paragraph third of the will of John M. Shutts are three in number, as follows:

1. Subject to the life use of Lina Shutts and Vina Shutts, did the remainder vest in the children of Emma Weatherwax, the children of Nellie Halstead, the children of W. N. Shutts, and the children of William Shutts, or did it vest in the children of Emma Weatherwax, and in Nellie Halstead, a sister, and in W. N. Shutts, a brother, and in William Shutts, a brother?

2. Did the remainder vest at the death of testator, or did it vest at the death of the survivor of the life tenants, Lina Shutts and Vina Shutts?

3. Upon the death of Vina Shutts and Lina Shutts, should the residue be distributed to the persons entitled thereto, per capita, or per stirpes?

We will take up the three questions in their order.

We quote the following from the brief of counsel for the executor-petitioner:

" Considering paragraph third of the will from the standpoint of grammatical construction, it is clear that the residue is given to the children of Emma Weatherwax, the children of Nellie Halstead, the children of W. N. Shutts, and the children of William Shutts. '* * * and the balance that is left to be divided equally among the children of Emma Weatherwax, Nellie Halstead, W. N. Shutts and William Shutts.' Here we have a noun, modified by an adjective phrase. It is a prepositional phrase by form, starting with ' of ', and is an adjective

phrase by use. The intent is to put in the preposition ' of ', but the comma takes the place of ' of '. A diagram would be as follows:

' among the children

of

Emma/Nellie/W. N./William ' ''.

The **J. Frank** Matteson previously referred to for most of his adult life was a rural school teacher, teaching at a time when there were fewer subjects and these fewer subjects were taught more intensively. Mr. Matteson was well known to the writer of this opinion, and we have every confidence that the testator made it clear to Mr. Matteson just what he wanted done, and Mr. Matteson did it.

By paragraph third of the will of John M. Shutts, he intended that the residue be given, subject to the life use of the life tenants, to the children of Emma Weatherwax, the children of Nellie Halstead, the children of W. N. Shutts, and the children of William Shutts, and it is so held.

We will now take up the second question. Did the remainder vest at the death of the testator, or did it vest at the death of the survivor of the life tenants, Lina Shutts and Vina Shutts?

Section 40 of the Real Property Law of the State of New York provides as follows: " *When future estates are vested; when contingent.* A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

It is a well-recognized principle of law that the vesting of estates is favored, though the intent of the testator is always paramount. A remainder is not a contingent remainder where, consistent with the intent of the testator, it may be so construed as being vested. (See *Matter of Van Auken,* 31 N. Y. S. 2d 897 [1941]; also, *Moore* v. *Littel,* 41 N. Y. 66; *Carr* v. *Smith,* 25 App. Div. 214, affd. 161 N. Y. 636.)

In seeking his intention from the will itself, we should bear in mind that all of his brothers and sisters were of advanced years, and would not be expected to have children after the making of the will, and all of the nephews and nieces were alive at the time of the making of the will.

It will also be noted that apparently the persons whom testator desired to provide for above all others were his sisters, **Lina Shutts** and **Vina Shutts.** He made **no** mention of any children

of Vina Shutts or Lina Shutts. It is apparent he did not do so because they were unmarried and taking into account their ages he did not expect them to marry or to have children, and likewise, he did not expect his other brothers and sisters to have additional children.

Applying the rule in *Moore* v. *Littel,* above set forth, it is obvious that if at the death of testator Vina Shutts and Lina Shutts were dead, or died instantly, there were in being the children of his brothers and sisters who would have an immediate right of possession.

In view of the intent to vest which can be assumed from the will itself, the absolute absence of anything to point it was intended the vesting be contingent, and in regard to the authorities above cited, it is evident that the interests vested at the death of the testator.

By paragraph third of this will, subject to the life use of Vina Shutts and Lina Shutts, the residue vested upon the death of testator, in testator's nephews and nieces. and it is so held.

We now come to the last of the three questions. Upon the death of Vina Shutts and Lina Shutts, should the residue be distributed to the persons entitled thereto, per capita or per stirpes?

Section 47-a of the Decedent Estate Law provides as follows: " If a person dying after this section takes effect shall devise or bequeath any present or future interest in real or personal property to the ' issue ' of himself or another, such issue shall, if in equal degree of consanguinity to their common ancestor, take per capita, but if in unequal degree, per stirpes, unless a contrary intent is expressed in the will." This section became effective April 30, 1921, and was in effect at the time of the death of John M. Shutts.

Davids' New York Law of Wills (Vol. 2, p. 1134) states: " If the devisees or legatees are *all related* to the ancestor in the *same degree,* the *presumption* is that the testator intended the distribution to be made *per capita,* in the absence of proof showing a state of the testator's affections which indicates an intention to have the property divided per stirpes. Thus, if the persons who answer the description in the will are the children of A and B, and A is represented by one child and B by two children, the property is to be divided in three equal shares, one of which passes to each child, all of the devisees or legatees being related to the testator in the same degree, it is to be presumed that they had equal claims upon his bounty, and that the testator intended the distribution among them to be share and share

alike. \* \* \* If the will directs an equal division among persons who were related in the same degree to the ancestor, a further provision that they are to take per stirpes will be rejected as having been inserted by inadvertence." (Italics supplied.)

Davids' New York Law of Wills (§ 675, p. 1132) states: " It has been held, however, that a capital division is to be decreed where a will directs that the property be *divided equally* among the ' heirs '." (See, also, *Bisson* v. *West Shore R. R. Co.,* 143 N. Y. 125; *Stevenson* v. *Lesley,* 70 N. Y. 512; *Matter of Title Guarantee & Trust Co.,* 159 App. Div. 803; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93, 105; *Matter of Moody,* 122 Misc. 541 [Niagara County Surrogate's Ct., 1924]; *Matter of Ives,* 161 Misc. 60 [Chenango County, 1936].)

In view of the statute, the common-law rule of distribution per capita, the fact that the legatees and devisees are all of equal relationship, all being nephews and nieces, and that no intention can be spelled out from the will for a distribution per stirpes, it must necessarily be concluded that distribution should be made per capita.

We, therefore, direct that the remainder be distributed among the children, the nephews and nieces of John M. Shutts, per capita.

As to the request for an order for the direction of the sale of the five acres of land for $75, and the direction that the executor convey to the purchasers of lands heretofore conveyed by the alleged heirs at law of John M. Shutts, there does not seem to be any controversy, and such request is granted.

Submit decree accordingly, upon notice.