W. Vincent Grady, S.
The executor herein, on his final accounting, seeks a construction of paragraph numbered “third” of decedent’s last will and testament.
All the rest, residue and remainder of my estate both real and personal wheresoever situate, I give, devise and bequeath as follows:
(a) one-tenth thereof to my brother John Miller, of Beacon, New York, but in the event that my said brother shall have predeceased me then, and in that event, I give, devise and bequeath said one-tenth share to his issue him surviving to be divided equally amongst them, share and share alike.
(b) one-tenth thereof to my brother Ferdinand Miller, of Newburgh, New York, but in the event that my said brother shall have predeceased me then, and in that event, I give, devise and bequeath said one-tenth share to his issue him surviving to be divided equally amongst them, share and share alike.
(e) one-tenth thereof to my brother Joseph Miller of Poughkeepsie, New York, but in the event that my said brother shall have predeceased me then, and in that event, I give, devise and bequeath said one-tenth share to his issue him surviving to be divided equally amongst them, share and share alike.
(d) and one-tenth thereof to my brother Aloysius Miller of Poughkeepsie, New York, but in the event that my said brother shall have predeceased me then, and in that event, I give, devise and bequeath said one-tenth share to his issue him surviving to be divided equally amongst them, share and share alike.
The other six-tenths of my estate I give, devise and bequeath as follows:
(e) to my niece Angela M. Kieley, daughter of my deceased sister, Magdalena Miller Kraft, of Washington, D. C.;
(f) to my niece Mae Kosmider, of Alger, Michigan, daughter of my deceased sister Mary Miller Eisch;
*712 (g) to my niece Dorothy Schoonmaker, and my nephew Francis E. Miller, of Poughkeepsie, New York and Washington, D. C., respectively, flhildren of my deceased brother Frank Miller;
(h) to my niece Mary Welch and my nephew Louis Miller, of Lake Mahopac, New York, children of my deceased brother Louis Miller;
(i) to my nieces Regina Baumann and Anna C. Baumann of Poughkeepsie, New York, children of my deceased sister Louise Miller Baumann;
(j) to my nieces and nephews Anna E. Miller, Mary F. Miller, Augusta A. Miller, Joseph F. Miller and Charles G. Miller, all of Poughkeepsie, New York, children of my deceased sister Annie F. Miller, to be divided equally amongst them, share and share alike, and in the event that any of my said nieces or nephews shall have predeceased me then the share or shares of the ones who predeceased me shall be divided amongst the survivors of said thirteen children.
In subdivisions (a), (b), (e) and (d), testator left one tenth to each of named brothers with payment to their issue if they predeceased him. There is no question raised as to this distribution.
However, in subdivisions (e), (f), (g), (h), (i) and (j), testator disposed of the remaining six tenths of his estate to the 13 children respectively of his deceased brothers and sisters with the provision, “to be divided equally amongst them, share and share alike, and in the event that any of my said nieces and nephews shall have predeceased me, then the share or shares of the ones who predeceased me shall be divided amongst the survivors of said thirteen children.”
It is clearly the intent of the testator from a reading of these subdivisions of paragraph “third”, that testator wished to have six tenths of his estate divided equally between surviving nieces and nephews of deceased brothers and sisters, or, in other words, to have a per capita distribution to this class.
Section 47-a of the Decedent Estate Law states: “If a person dying after this section takes effect shall devise or bequeath any present or future interest in real or personal property to the ‘issue’ of himself or another, such issue shall, if in equal degree of consanguinity to their common ancestor, take per capita, but if in unequal degree, per stirpes, unless a contrary intent is expressed in the will.”
It is the general rule that where a gift is to a class, the beneficiaries will take per capita and share alike.
The law favors per capita distribution when there is nothing in a will which indicates a contrary intent.
Use of the words “equally” or “share and share alike” in a will indicates a per capita distribution. (See Matter of Title Guar. & Trust Co., 159 App. Div. 803, affd. 212 N. Y. 551; Matter of Fischer, 125 Misc. 90; New York Life Ins. & Trust Co. v. Winthrop, 204 App. Div. 803; Matter of Shutts, 191 Misc. 22.)
*713 After hearing the arguments of respective counsel and reading the memoranda submitted, and after due deliberation thereon, it is the decision of this court that a per capita distribution should be made of that part of the residuary estate covered by subdivisions (e), (f), (g), (h), (i) and (j), to carry out the intent expressed by testator to divide this six tenths equally among the surviving nieces and nephews.
Submit decree accordingly.