S. Samuel Di Falco, S.
The executors have submitted their intermediate account for settlement and also seek a construction of paragraph Fourth of the testator’s will as to the distribution of the residuary estate. Testator died on September 13, 1959. His will dated January 14, 1947 and two codicils dated January 14, 1947 and April 19, 1954 were admitted to probate. After making certain bequests and establishing a trust, decedent disposed of his residuary estate in paragraph Fourth as follows: “ All the rest, residue and remainder of my estate and property, real and personal, of which I shall die seized or possessed or to which I shall be entitled at the time of my death, including any property the disposition of which hereinabove made may for any reason fail to take effect, I give, devise and bequeath, in equal shares, to such of the grandchildren of my deceased brother, George J. Gould, and his first wife, Edith Kingdon Gould, and of my sister, Anna, Duchesse de Talleyrand, as shall survive me and to the lawful issue of any deceased grandchild of my said brother and his said wife and of my said sister, such lawful issue of any deceased grandchild taking in equal parts, per stirpes and not per capita, the share to which the parent would have been entitled if living.”
It appears that at the time of the execution of the will there were 18 grandchildren of decedent’s brother George and his wife, Edith, living and one grandchild who had died leaving issue. There were 6 grandchildren of decedent’s sister, Anna, living at that time. When decedent died there ivere 16 grandchildren of George and Edith alive. Two had died in the interim leaving issue. There were 7 grandchildren of Anna living at that time and no deceased grandchildren.
The question propounded for construction is whether the residuary estate should be divided into 26 equal parts and one part paid to each of the living grandchildren of George and *926 Edith and of Anna and one share to be divided per stirpes among the issue of any grandchild of George who had died, or whether the residuary estate should be divided first into two equal parts, one for the grandchildren of George and Edith and the other for the grandchildren of Anna. The first such share would then be subdivided into 19 parts and one such part paid to each of George’s grandchildren and one part to be further divided among the issue of a deceased grandchild. The other half share would be subdivided into 7 parts and each such part paid to a grandchild of Anna. As a result, each grandchild or issue of a deceased grandchild of George and Edith would be entitled to 1/38 of the residuary estate and each grandchild of Anna to 1/14 thereof.
In Stevenson v. Lesley (70 N. Y. 512, 517) it was stated:
‘ ‘ The testator, when the will was made, had nine grandchildren; four the issue of a deceased daughter, and five the issue of his son, who survived him; and a question arises whether the distribution between them is to be per stirpes or per capita. * * *. The language of the will points to a distribution per capita, and the authorities seem to be decisive in favor of that construction. ’ ’
The court stated in Bisson v. West Shore R. R. Co. (143 N. Y. 125, 129) that in affixing to the gift of his estate to his heirs and his wife’s heirs, the words ‘ ‘ their heirs and assigns forever, share and share alike,” the testator may be said by his language ‘ ‘ to have grouped all of the heirs in one class; the individuals of which are indistinguishable one from the other as objects of his bounty.” There being but the one class, there can be no doubt but that the division must be made per capita among the persons entitled and not per stirpes. “ I think the words ‘ share and share alike ’ make that sufficiently clear. Such a direction cannot be distinguished, practically, to one to divide equally * * *. It was early held that where the subject of the testamentary gift was to be ‘ equally divided, ’ the persons would take per capita, among whom the division is to be made; unless a contrary intention is discoverable in the will ” (pp. 129-130).
Anna’s grandchildren place great reliance upon Matter of Minium (152 Misc. 284, 285). The testator therein directed his trustee upon the death of the life beneficiaries ‘ ‘ to divide the principal in equal shares to and among the children of Peter Buck of New York City and of Eliza Moore of New York City, the issue of any deceased child of said Peter Buck or Eliza Moore to take the parents’ share.” It was held that it was the intention of the testator to divide the principal first into two *927 equal parts with a further subdivision of one share among the children of Peter Buck and the subdivision of the other share among the children of Eliza Moore.
Matter of Minturn is clearly distinguishable from the situation presented herein. In that case the remainder was a contingent gift to a class to be determined after the deaths of two income beneficiaries. It appears that it was that testator’s intent to benefit the children and the issue of deceased children of each of these two named persons living at this future time. Testator, therefore, directed that the remainder be ‘1 divided ’ ’ in equal shares. Parenthetically, the record discloses that the testator therein died in 1892 and the trust did not terminate until 1933. In the instant case we have a present gift not of a remainder of a trust but of a residuary estate “ in equal shares ” to “ such of the grandchildren ” of his named brother and sister as survived the testator and to the issue of any of their grandchildren who predecased him. It must be assumed that the testator knew when he executed his will that his brother George and his wife, Edith, had 18 grandchildren living and one grandchild who had died leaving issue, and that his sister Anna had 6 grandchildren. He must have known that a per stirpes division was unequal.
It appears that the testator also had other grandnephews and grandnieces living at that time. He no doubt wished to benefit his grandnephews and grandnieces collectively who were the grandchildren of his brother George and his wife Edith and of his sister Anna. To name them specifically would result in depriving any such grandchild born after the execution of the will from a share. In fact, decedent’s sister Anna had a grandchild born between the date of the will and decedent’s death.
Matter of Title Guar. & Trust Co. (159 App. Div. 803, 808, affd. 212 N. Y. 551) stated that: “It is to be borne in mind that the bequest of the remainder over in the 10th paragraph is to the grandchildren precisely as if they were named. He did not name any of them in the will. They do not take through their parents, but in their own right.” That court further stated (p. 809): “Where the gift is to a class, the legatees take share and share alike, unless it otherwise clearly appears that the testator intended a different division.” Although the decision in Matter of Day (10 A D 2d 220) directed a division first into six parts for decedent’s children and then a part to be subdivided among the children of each child, this observation of the court is particularly apposite to the situation presented *928 herein (p. 223): “ Had he [settlor] intended that the grandchildren be the heads of the stock and take as such, it necessarily follows that grandchildren rather than children would have been the appropriate word, followed by such words as, ‘ and their issue per stirpes.’ ”
The 19 shares for George and Edith’s grandchildren came from their seven children as follows: one had four children, three had three children each, one had two children, one had one child and one had three children who predeceased the testator leaving five issue now to share. Decedent’s sister Anna had five children, two of whom had three children each, one of whom had one child and two of whom had no children. If the stock or root was intended to be George and Anna, then we would be met with a per stirpes distribution among their children to determine the share of each grandchild.
If testator intended that half of his residuary estate be divided among George and Edith’s grandchildren and the other half to be split among Anna’s grandchildren, he could have easily said so. Instead, he included all of them in the same group and split the residuary estate into as many equal parts as there would be grandchildren of George and Edith and of Anna and the issue of any of the deceased grandchildren surviving them. “ Use of the words ‘ equally ’ or ‘ share and share alike ’ in a will indicates a per capita distribution” (Matter of Miller, 6 Misc 2d 711, 712). Regarding the issue of deceased grandchildren, testator specifically stated that the distribution should be per stirpes.
The court, therefore, determines that the testator intended that his residuary estate be divided into as many equal shares as there were grandchildren of George and Edith and of his sister Anna living at his death, together with the grandchildren then dead who had living issue. In other words, there would be 26 equal parts.
Although section 47-a of the Decedent Estate Law is not controlling here because the gift is not to ‘1 issue ’ ’ of brother George and his wife Edith and of sister Anna, it furnishes a clue or basis for the holding that the residuary estate should be divided into 26 equal parts. The grandchildren herein are all “ in equal degree of consanguinity to their common ancestor ”.