Testator by his will created two trust funds, the income of one to be paid, at the discretion of the trustee, to the beneficiary of the fund, and the principal and interest of the other, at the discretion of the trustee, to the beneficiary, and created, also, an accumulation of interest as to the latter fund, which was invalid. He directed, in one case, that at the death of the beneficiary the principal, with any accrued interest, should be paid to the testator's heirs, and, in the other, that any portion of the trust fund remaining at the death of the beneficiary and any income thereof should be paid to the testator's heirs. *Held*, that the funds were to be paid to those who answered the description of his heirs at the time of the distribution of each fund.

In the matter of the judicial settlement of the estate of Augustus Southworth.  Decree rendered.

John D. Burns, for trustee.
William W. Southworth, for certain heirs.
Ramsdale & Church, for Grace M. Pierce.
Gurdon W. Fitch, special guardian.
H. C. Holmes, for James H. Brooks.

SIGNOR, S.  The testator, Augustus Southworth, in his last will and testament, made two trusts, as follows:  He gave the annual income and interest of $1,000 to his half-sister, Lucy J. Day, during her natural life, and for that purpose directed that the executor or administrator should invest and place at interest the sum of $1,000, the interest to be collected and paid to the said Lucy J. Day annually during her natural life, and the principal sum, with the accrued interest, if any, remaining after her death to be paid to the testator's heirs.  And said testator also made a similar trust, as follows:  He gave and bequeathed to Rowena Harwood the sum of $500 in trust for the following purpose: She to receive, hold, or invest it on interest, and to pay out, lay out, use, and expend for the benefit, support, and maintenance of Lucy J. Day such part or portion of said $500, or the interest thereof, as she might think best and advisable during the life of Lucy J. Day, "and after the death of said Lucy J. Day I direct and provide that any part or portion of said five hundred ($500) dollars and interest accrued thereon, if any, and not so used or expended, shall be paid to my heirs."

The life tenant in each of the said trusts is now deceased, and the trustee is about to distribute the funds in his hands.  He is directed by the will to pay the same to the heirs of the deceased.  The only question to determine here is who were the heirs of the deceased, as contemplated by the testator, as gathered from the language of the will.  At the time of the death of the testator, he had four children living, namely:  Lucy Brooks, Ellen Pierce, Rowena Harwood, and William H. Southworth.  All of the said children died during the lifetime of the life tenant.  The said Lucy Brooks left no child or issue. The said Ellen Pierce left one child her surviving.  The said William

H. Southworth left five children him surviving. There are, then ten grandchildren of the deceased, who now answer the description of his only heirs and next of kin; all being in equal degree.

There is a direction for an accumulation of interest, which, under the provision of the statutes, is unlawful. Pers. Prop. Law, Laws 1897, p. 508, c. 417, § 4; Real Prop. Law, Laws 1896, p. 561, c. 547, § 5. But the only disposition of the corpus of the estate is found in the direction to pay to the testator's heirs, after the death of the life beneficiary, the principal, with any unexpended interest that remained at the death of the life tenant. It may be assumed that he intended it to be paid to those who should be heirs when it was paid over, as, certainly, the testator could not have intended that unexpended interest remaining at the death of the life tenant should vest before it was in existence. While, as we have said, he could not legally provide for an accumulation of interest, yet his evident expectation that there might be an accumulation, and that it should pass with the principal and at the same time, in my opinion has a bearing on the question of whom he meant by his heirs, and tends to show that he meant those who should be his heirs when the interest had been earned. In order that the interest should vest, it must be in existence. This is different from a gift of principal, where interest might follow the gift. Both in this case go together, and the only gift in either case is found in the direction to pay over at a future time. A comparatively recent case in the Court of Appeals (Matter of Crane, 164 N. Y. 71, 76, 58 N. E. 47, 48), lays down the general rule, viz.:

"Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate—contingent, and not vested."

See, also, Matter of Baer, 147 N. Y. 348, 354, 41 N. E. 702, and other cases cited in opinion in Matter of Crane. See, also, Mullarky v. Sullivan, 136 N. Y. 227, 32 N. E. 762, where it is held that words of survivorship in a will refer to the time of the testator's death only when there is an absolute gift to one, and, in case of his death, to another. It has no application in a case where the first devisee or legatee takes a life estate. I see no other way of construing the provisions of this will under consideration that that the testator meant, by the term "my heirs," the persons who should be his heirs at the death of the life beneficiary.

Decreed accordingly.