United States Trust Company of New York, as Trustee, etc., of Benjamin Nathan, Deceased, Respondent, *v.* Harmon H. Nathan and Others, Respondents, Impleaded with Maud Nathan and Harold Nathan, as Executors, etc., of Frederick Nathan, Deceased, and The Pennsylvania Company for Insurances on Lives and Granting Annuities, as Executor, etc., of Lucien Moss, Deceased, Appellants.

First Department, April 8, 1921.

**Wills — construction — bequest in trust for benefit of daughter with provision that on her death without issue her share should be distributed to testator's descendants according to laws of State of New York " now in force "— descendants to be ascertained at time when estate would vest in possession.**

Under a clause in a will leaving personal property in trust for the benefit of a child and providing that if she should die without issue then the principal with any unapplied income should be paid over to the testator's executrix and form a part of the residuary estate, " but in case my wife shall not be then living, then I give and bequeath the same to my descendants according to the laws of the State of New York now in force regulating the distribution of personal property in case of intestacy," the gift to the testator's descendants in connection with the provisions of the will taken as a whole indicate the unmistakable intention on the part of the testator that those descendants were to be ascertained as of the time when their estate would vest in possession, and not as of the time of the death of the testator, and those only would be entitled to take who were in the class of descendants upon the happening of the contingency at which their estates were to vest in possession.

Greenbaum, J., dissents.

Appeal by the defendants, Maud Nathan and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of August, 1920, on the decision of the court rendered after a trial at the New York Special Term, construing a paragraph of the will of Benjamin Nathan, deceased.

The portion of the will presented for construction, so far as it is necessary to quote it, reads as follows:

" *Seventeenth.* I give and bequeath to the United States Trust Company of New York as many sums of seventy-five

thousand dollars each as I shall leave daughters me surviving; and I also give and bequeath unto said company as many sums of seventy-five thousand dollars as I shall leave sons me surviving who are not included in the sixteenth article or clause of this my will: in trust to invest each of said sums of seventy-five thousand dollars separately according to its best discretion  *  *  *  and to hold one of said sums so invested in trust for each of my children described in this article of my will, and to accumulate the interest or income thereon (of each share or trust fund separately) during their respective minorities.  *  *  *  And in respect to the said trust funds for my daughters upon the further trust when any one of my daughters arrives at the age of twenty-one years (provided that be after my death) to pay over to such daughter to her sole and separate use, benefit and behoof, free from and in nowise to be subject to the debts, engagements, liabilities or control of her husband, all the accumulations of her said trust fund.  And thereafter as respects any daughter so arriving at twenty-one years of age after my death and as respects each of my daughters who shall at the time of my death have attained the age of twenty-one years, from and upon the creation of the trust to collect and receive the rents, income, issues, interest, dividends and profits of the principal of her said trust funds and pay and apply the same from time to time, as collected and received, to the use of the daughter for whom the principal of said trust funds was set apart and invested, to her sole and separate use, benefit and behoof, free from and in nowise to be subject to the debts, engagements, liabilities or control of any husband (and without any power of anticipation on her part) during the term of her natural life.  And I declare it to be my further will and intent that in case of and upon the death of any son (except my son Washington) provided for by this article of my will before arriving at age, and also that in case of and upon the death of any or either of my daughters, except only my daughter Rosalie, at any time, leaving issue him or her surviving, that the principal of his or her share of such trust funds, with any unapplied income thereof, shall and I do so direct be paid over to his or her said issue according to the law of distribution of personal property of intestates now in force in the State of New York.

And in case of and upon the death of either of my sons provided for in this article before attaining twenty-one years of age, or of either of my daughters (including my daughter Rosalie) leaving no issue him or her surviving, that then the principal of said trust funds of such child or children so dying, with any unapplied income thereof, shall be paid over to my executrix and form part of my residuary estate hereinafter mentioned; but in case my wife shall not be then living, then I give and bequeath the same to my descendants according to the law of the State of New York now in force regulating the distribution of personal property in case of intestacy."

*Harold Nathan* of counsel [*Leventritt, Cook, Nathan & Lehman,* attorneys], for the appellants executors of Frederick Nathan.

*Daniel P. Hays* of counsel [*Hays, Hershfield & Wolf,* attorneys], for the appellant Pennsylvania Company for Insurances on Lives and Granting Annuities.

*McCready Sykes* of counsel [*Stewart & Shearer,* attorneys], for the plaintiff, respondent.

*Robert E. Samuels* of counsel [*Goldsmith, Cohen, Cole & Weiss,* attorneys], for the respondents Arthur M. Wolff and others.

*Lawrence S. Coit* of counsel [*Benjamin G. Paskus* with him on the brief; *Rose & Paskus,* attorneys], for the respondents Harmon H. Nathan and Julian Nathan.

*Sidney B. Cardozo* of counsel [*Michael H. Cardozo, Jr.,* with him on the brief], for the respondent Ernest A. Cardozo, guardian *ad litem* of Anita Rosalie Cardozo and Michael H. Cardozo.

*Walter S. Newhouse,* guardian *ad litem,* for the respondents Alan Hart Nathan and Constance Miriam Nathan.

SMITH, J.:

The facts presenting the issue here for determination are fully stated in the opinion of the Special Term (112 Misc. Rep. 502), and with the reasoning and conclusions stated in

that opinion I fully agree, and to that opinion I would add only a few considerations as indicating the intent of the testator.

The reference by the testator to the final distribution as to be made according to the laws of the State of New York *now in force* regulating the distribution of personal property in case of intestacy, would have significance as bearing upon the intention to vest the estate in the heirs living at the time of his death, if it were not for the use of the same expression in the same paragraph with reference to estates which are confessedly future and contingent. Just preceding the clause which presents the question here at issue, in reference to the direction to pay over the fund held in trust for a daughter to her issue if she shall die, that payment is to be made " according to the law of distribution of personal property of intestates *now in force* in the State of New York." It is not contended by the appellants that the children of those daughters living at the time of the death of the testator took a vested estate, notwithstanding the use of that expression. The same expression is used in a later clause in this same paragraph in reference to the bequest for the benefit of his son Washington, for payment to the lawful issue of his body born unto him by a Hebrew wife, " according to the law of distribution of the personal property of an intestate *now in force* in the State of New York." His son Washington was not then married, and, confessedly, that estate could not vest at the time of the testator's death. The testator was evidently satisfied with the distribution provided by law at the time that the will was made, and full effect is given to the provision as to the distribution under the laws of the State *now in force* by holding that he desired distribution to be made in accordance with such a law rather than in accordance with any provision of law which might thereafter be enacted which might provide for a different rule of distribution. Again, the use of the words " give and bequeath " in the clause of the will here for construction, as distinguished from the use of the words " pay over," which precede it in reference to the distribution of the property in case of the death of the daughter, is not without significance. But its significance is to my mind materially impaired by the fact that in the creation of this very trust

First Department, April, 1921.    [Vol. 196

the testator *gives and bequeaths* to the trust company the moneys which are the subject of the trust.   If these moneys are absolutely given and bequeathed to the trustees, the intention would seem to be indicated that the trustees were to take the *entire estate,* and that no estate was to vest in any ultimate beneficiaries while the entire estate was thus held by the trustee for the purpose of the trust.

From the cases cited by the Special Term it appears that these words do not necessarily indicate an intention to immediately vest title when applied to estates which are to vest in possession only at a subsequent date.   That the gift to his decedents was of the principal of the trust fund, together *with unapplied income,* is strongly indicative of the intention to give only at a time subsequent to the death of the testator when there would be, as the testator must have thought, unapplied income to pass as part of the gift.

Here the testator left nine children.   Fifty years elapsed before the death of Justina Cohen, and some of the children are still living.   That the estates are to vest in possession only at such remote periods as must have been contemplated and only upon the double contingency of a child's dying without issue, and also of the death of his widow at the time of the death of the child, the gift to the testator's *descendants,* in connection with the provisions of the will taken as a whole, would seem to indicate an unmistakable intention on the part of the testator that those descendants were to be ascertained as of the time when their estate would vest in possession, and whether those estates might be deemed contingent or vested and liable to divest by death before that time, those only would be entitled to take who were in the class of descendants upon the happening of the contingency at which their estates were to vest in possession.

The judgment should, therefore, be affirmed, with costs to the respondents presenting briefs out of the fund.

CLARKE, P. J., LAUGHLIN and PAGE, JJ., concur; GREEN-BAUM, J., dissents.

Judgment affirmed, with costs to respondents presenting briefs out of the fund.