THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, A NEW YORK CORPORATION, PLAINTIFF-RESPONDENT, v. FERD R. PATZOWSKY, DEFENDANT-APPELLANT.

Argued February 8, 1939—Decided May 15, 1939.

For the appellant, *Cassman & Gottlieb*.

For the respondent, *Bleakly, Stockwell & Burling*.

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment, by confession, entered in the Supreme Court which brings up for review the action of that court in discharging a rule to show cause, granted by it upon the application of the present appellant, why the said judgment entered against him should not be vacated and the proceedings thereon set aside.

The undisputed facts as presented by the record show that on October 9th, 1930, the appellant executed and delivered to the respondent a bond and mortgage in the sum of $250,000

on property situated in Atlantic City, upon which there are several stores fronting on the boardwalk. The mortgage was subsequently foreclosed, and all tenants in possession when the suit was instituted were made parties defendant. The mortgaged premises were sold to the present respondent at a foreclosure sale held on July 14th, 1938, for the sum of $145,000, which sale was duly confirmed, and the deficiency judgment now involved was afterwards entered in the sum of $132,724.04.

It appears that during the pendency of the foreclosure proceedings the respondent, upon notice to all defendants, applied to the Court of Chancery for the appointment of a receiver, and as a result the court made an order appointing a receiver to "take care of the mortgaged premises * * * to manage the same, with power to sue for, collect and receive the rents, issues and profits thereof; to let the said premises or any part thereof at such time or times as may be necessary or proper and for that purpose to make agreements or leases for the rental of said premises, or any part thereof; and otherwise to do all things necessary or proper for the due care and proper management of the said mortgaged premises."

The receiver, by virtue of the court's order, entered into several leases for portions of the mortgaged premises with persons who were not parties to the foreclosure suit, and the term under said rentals did not expire until after the foreclosure sale.

The ground upon which the appellant seeks to vacate and set aside the deficiency judgment is that the foreclosure proceedings did not result in a complete exhaustion of the mortgaged premises and all of the interests therein, as required by the "Vail act" (R. S. 2:65-2), and that the rights of the tenants under the receiver's leases were not extinguished or disturbed by the foreclosure proceedings and the sale thereunder, and by reason thereof the vendible value of the mortgaged premises was lessened, and consequently the respondent lost all right to recover on the bond.

The appellant, to support his contention, refers to several decisions of our courts, which hold in effect, that as a general rule all parties interested must be joined as defendants in

foreclosure proceedings as a condition precedent to the right to hold an obligor liable on the bond. In each of the cases cited, however, the complainant mortgagee failed to join as parties defendant those who had an interest which existed when the foreclosure proceedings were instituted. Such is not the situation in the instant case. All proper and necessary parties were made defendants in the present proceedings, and the interest which the appellant contends extended beyond the duration of the foreclosure suit did not exist when the bill was filed.

The appellant had due notice of the application for a rent receiver and also of the order of appointment which set forth the receiver's authority thereunder. The fact that the record does not indicate that the appellant made any objections to the receiver or the powers conferred upon him, or to the confirmation of sale, justifies the inference that he was satisfied to have the property managed by the court pursuant to the terms of said order. A mortgagor debtor who remains silent under such circumstances will not be permitted to assert in defense of a deficiency action on his bond that the rentals made by the receiver lessened the vendible value of the mortgaged premises, and thereby released him from liability.

A rent receiver appointed in foreclosure proceedings holds the property as an arm of the court, and his possession is not that of the mortgagee. *Walgreen Co.* v. *Moore,* 116 *N. J. Eq.* 348; *Desiderio* v. *Iadonisi,* 115 *Conn.* 652; 163 *Atl. Rep.* 254. A receiver stands in the shoes of the mortgagor. *Kenney* v. *149 North Avenue Corp.,* 115 *N. J. Eq.* 314; *Depew* v. *C. W. Depew & Co.,* 98 *Id.* 461. He may lease the premises beyond the period of the termination of the foreclosure proceedings. *Shreve* v. *Hankinson,* 34 *Id.* 413. Such action, however, will not impair the contractual obligations created by the bond and mortgage, or deprive the mortgagee of his legal right to collect on the bond in accordance with the statute. The additional rentals complained of by the appellant were made for his advantage as well as the respondent's, in that all moneys received by reason thereof reduced his liability under the bond to that extent.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 9.

*For reversal*—DONGES, PERSKIE, JJ. 2.