**KIRKMAN v. WILMINGTON TRUST CO.**

Civil Action No. 404.

District Court, D. Delaware.

Aug. 9, 1945.

William S. Potter and Collins J. Seitz (of Southerland, Berl & Potter), all of Wilmington, Del., for plaintiff.

Robert H. Richards, Jr., and William E. Taylor, Jr. (of Richards, Layton & Finger), all of Wilmington, Del., for defendant.

LEAHY, District Judge.

This proceeding is instituted under the provisions of the federal Declaratory Judgment Act, 28 U.S.C.A. § 400, by plaintiff who is a receiver appointed by the courts of New Jersey. Plaintiff prays for a declaratory judgment that he is vested with title to all property rights and interests of one Ferdinand R. Patzowsky under the will of his father, Richard Patzowsky, deceased, and further that the court declare that the interest is such that it be payable to plaintiff upon the occurrence of certain contingencies. A motion to dismiss was argued on the grounds (1) there is no controversy between the parties within the meaning of the Declaratory Judgment Act; (2) the complaint here is in the nature of a creditor's bill and therefore cannot be maintained in this district; and (3) the litigation does not involve the jurisdictional amount.

It appears from the complaint that Richard Patzowsky died in Wilmington in 1916. Under the terms of his will, Wilmington Trust Company duly qualified as trustee under three trusts which provide [1] for the payment of income to daughters of the tes-

---

[1] The trust created by Item 4 of the will is typical and is as follows:

"Item 4.—I give and bequeath unto my Executors, hereinafter named, the sum of Seventy-five Thousand Dollars ($75,000.00) in trust, for the following intents and purposes, to-wit:

"To invest and keep invested the whole of the said trust estate, or trust fund, in some good and productive security or

tator during the terms of their lives with remainder over to the issue of each daughter, and in default of issue, the principal to the testator's son, Ferdinand. The life tenants under the trusts are living, being age 60, 63 and 65, respectively. None of them is married. Under the will Ferdinand is also the residuary beneficiary of his father's estate.

On August 16, 1938, the Equitable Life Assurance Society of the United States recovered a judgment at law in the New Jersey Supreme Court against Ferd R. Patzowsky, a resident of the State of New Jersey (the same being the Ferdinand discussed supra), in the sum of approximately $133,000.[2] The plaintiff in the lawsuit, learning that Ferd R. Patzowsky had made a fraudulent conveyance of his interest under his father's will, filed a bill of complaint in the Court of Chancery against Ferd R. Patzowsky and his sister, Louisa H. Ward, who was the transferee in the alleged fraudulent conveyance. After hearing, the Court of Chancery entered a final decree setting aside the conveyance as fraudulent. On appeal, the Court of Errors and Appeals of New Jersey affirmed the lower court.[3] The modified decree adjudged the purported conveyance to be fraudulent and appointed Elwood F. Kirkman as receiver of the property which was the subject of the fraudulent conveyance, viz., the interest of Ferd R. Patzowsky under the terms of Items 4, 5 and 6 of his father's will.

On June 29, 1942, the Supreme Court of New Jersey, pursuant to Secs. 2:26-157 to 2:26-159 of the Revised Statutes[4] of New Jersey, N.J.S.A. in a proceeding instituted by the Equitable Life Assurance Society of the United States against Patzowsky, which proceeding was in aid of the execution of plaintiff's judgment at law, entered an order appointing the plaintiff herein receiver "of the property and things in action belonging or due to or held in trust for said Ferd R. Patzowsky, judgment debtor, and particularly all the property rights and interests in property of the said Ferd R. Patzowsky under the Eleventh Paragraph of the Will of his father, Richard Patzowsky."

Plaintiff duly qualified as receiver. On March 15, 1945, plaintiff, through the local firm of Southerland, Berl & Potter, Esqs.,

---

securities and to collect and receive the income therefrom, and, after the payment of the costs and expenses attending the care and management of said trust estate, to pay the said income unto my daughter, Antoinette Fleisch, of the City of New York and State of New York, for and during the term of her natural life, and, at the death of my said daughter, my said Executors shall pay over the principal, or corpus, of said last mentioned trust fund, or trust estate, in equal shares, unto such issue of my said daughter as shall survive her, per stirpes and not per capita, upon the arrival of such issue, respectively, at the age of twenty-one years, and if any such issue, so surviving my said daughter, as aforesaid, should not have attained the age of twenty-one years at the time of my said daughter's death, my said Executors shall pay unto each of such issue during his or her minority the net income of his or her respective share of said trust estate until his or her arrival at the said age of twenty-one years; in case my said daughter should die without leaving issue, her surviving, or in case such issue should all die before arriving at the age of twenty-one years, my said Executors shall pay over unto my son, Ferdinand R. Patzowsky, the whole of the principal, or corpus of said trust estate, or trust fund, to be his, absolutely."

[2] See 122 N.J.L. 482, 6 A.2d 390.

[3] See 128 N.J.Eq. 579, 17 A.2d 794; 131 N.J.Eq. 49, 23 A.2d 561.

[4] The pertinent sections of the statute are as follows:

"2:26-158. Receiver; appointment

"The judge making the order for discovery may, after considering the evidence taken at the examination, either before himself or a supreme court commissioner or master in chancery, make order appointing a receiver of the property and things in action belonging or due to or held in trust for the judgment debtor as aforesaid, at the time of the recovery of the judgment or at any time thereafter."

"2:26-159. Powers and duties of receiver

"A receiver appointed under authority of section 2:26-158 of this title shall have authority to receive, take into possession, and, if need be, sue in his own name as such receiver for the property and things in action specified in section 2:26-149 of this title; and the receiver shall apply the same in payment of the judgment against the judgment debtor, the costs of the proceedings thereon and his reasonable compensation, to be taxed by the judge, and pay the residue into the court in which the judgment was recovered or docketed, for disposal according to law; and the judge shall order the judgment debtor to convey and deliver to such receiver all the property and rights in action and the evidence thereof."

demanded that Wilmington Trust Company, as trustee under the will of Richard Patzowsky "acknowledge and recognize the title of the said Elwood F. Kirkman, receiver as aforesaid, in and to the property rights and interests in property of Ferd R. Patzowsky under the will of his father Richard Patzowsky, deceased." In reply to that letter defendant refused[5] to acknowledge and recognize the title of plaintiff as receiver.

Plaintiff contends that the refusal of defendant to acknowledge and recognize his title as receiver subjects him to great uncertainty and insecurity with respect to his rights as receiver for the reason that defendant, Wilmington Trust Company, as trustee, upon the death of one of the life tenants, may distribute the corpus of the trust to said Ferd R. Patzowsky and further, the reason that equities of third persons may intervene before the death of the life tenants to the irreparable loss of the receiver and for the further reason, that the trustee, by such refusal, may at some future date attempt to avail itself of the defense of laches as against the plaintiff. Defendant's main contention, on the other hand, is that the complaint sets forth no controversy between the parties within the meaning of the Declaratory Judgment Act.

Since the complaint fails to make a case under the Declaratory Judgment Act, it shall be assumed, without deciding, that plaintiff is vested with the same rights as Patzowsky had under his father's will, that this interest is property in New Jersey, and that the order giving him such rights is entitled to full faith and credit.

That the orders of the New Jersey Courts were effective to transfer any interest under the will to the receiver is subject to much doubt. These queries suggest themselves: (1) Was Patzowsky domiciled in New Jersey so as to make the doctrine of mobilia sequuntur personam applicable; (2) if yes, is an expectancy in an estate such a movable as follows a person; (3) what law governs whether an expectancy is a movable; (4) if an expectancy is not a movable, is the order appointing the receiver a nullity; (5) is the order appointing plaintiff "Receiver of the property and things in action belonging or due to or held in trust for said Ferd R. Patzowsky" in any event sufficient to include an expectancy; and (6) if yes, can it have any effect if the expectancy is not a movable and mobilia sequuntur personam is, therefore, inapplicable?

Plaintiff is compelled to concede that if Patzowsky's expectancy is not regarded as property in New Jersey the complaint must fail. But plaintiff contends and it will be assumed without so deciding that Patzowsky's "interest" is analogous to the interest of a creditor who has an unmatured debt owing to him.

The nature of the "interest" of Patzowsky under Items 4, 5 and 6 of his father's will raises an interesting academic speculation. I am of opinion that the interest was contingent.[6] See Festing v. Allen, 12 N. & W.279; Loddington v. Kime, 1 Salk. 224 (1697); for at common law no interest limited after a limitation in fee can be vested; Loddington v. Kime, supra. Strictly speaking, the issue is whether Patzowsky's "interest" is contingent or vested and not whether it is a contingent or vested "remainder." For at common law if a remainder in fee was vested, that was the end of the matter. It was not subject to divestment except in case of attainer. Moreover, many courts hold that future interests, after a life estate in personalty, always take effect as executory interests and not by way of remainder. But this discussion is academic because by Item Eleven of the will Patzowsky is residuary beneficiary, and if the interests to him under the other Items are contingent he would still have the reversionary interest by virtue of Item Eleven. All reversionary interests, for historical reasons, are vested. Gray, Perpetuities, 3rd Ed. (1915), c. 3.

 The complaint does not make a case under the Act. This conclusion is not reached by ignoring the well established rule that the primary object of the Declaratory Judgment Act is to afford a speedy and

---

[5] The letter reads, in part, as follows: "We feel that the demand made by you that we, as trustee, under the Will of Richard Patzowsky, acknowledge and recognize the title of Elwood F. Kirkman as Receiver is entirely premature. Since Ferd R. Patzowsky has no immediate rights or interest in possession under his father's Will, we see no reason why we should either acknowledge or refuse to acknowledge the title of said Receiver at the present time."

[6] The New Jersey Courts also held that the interest is contingent. See note 3 supra.

inexpensive means of adjudicating legal disputes before damages have actually been suffered. The statute has been liberally construed to that end. Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702, 703. Neither does the existence of another remedy preclude relief by way of declaratory judgment. Lehigh Coal & Navigation Co. v. Central R. of New Jersey, D.C., 33 F.Supp. 362. Judicial construction has, in fact, been so liberal that the word "actual" of the stated "actual controversy". has, in effect, practically been eliminated from the statute. Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68. Nevertheless, there must be a controversy between the parties. In Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, the Supreme Court said: "A 'controversy' in this sense must be one that is appropriate for judicial determination. * * * A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. * * * The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." The case sub judice fails to meet this test. Here, there is no controversy "touching the legal relations of parties having adverse legal interests" because there is no basis in fact for the assumption that defendant's interests, i. e., to faithfully carry out its fiduciary obligations under the will, are adverse to plaintiff's interests. It can not be assumed that defendant will violate its fiduciary duties This being so, plaintiff's and defendant's interests are not adverse, but identical, because each desires that the trusts created be properly administered. If, by virtue of the appointment of the receiver in New Jersey, plaintiff acquired certain interests in the trusts to which defendant must give full faith and credit, then there is no reason to assume that defendant will not perform its duty in the present and as it carries out the turn-over order which will spell the legal termination of the trust it has assumed to administer during the past twenty-nine years. It has not said that it will not do so, and I shall assume that it will. Plaintiff's apprehension arises solely from its inability to get an encouraging answer from defendant. This is an insufficient basis for the action as it calls for what would be truly an advisory opinion.[7] One of the last cases decided at the past term of the Supreme Court admonishes us that the requirements for a controversy are no less strict in a declaratory judgment proceeding than in any other type of suit; and that the federal courts are without power to give advisory opinions, for the reason that it has long been considered correct practice not to decide abstract or contingent questions. See Alabama State Federation of Labor v. McAdory, 323 U.S. ——, 65 S.Ct. 1384.

■ Plaintiff relies on Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, and Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68, certiorari denied, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 which, it is argued, impel the conclusion that the complaint in the instant case supports the ground for declaratory judgment relief. These cases are distinguishable. In the Maryland Casualty Co. case, claimant brought an action of tort against the insured for injuries arising out of an accident. Under the state law, claimant, if successful, could enforce his judgment by a supplementary proceeding against the insurer. After the action that preceded the judgment, the insurance company brought a complaint against claimant and insured seeking a declaration of non-coverage. The claimant had not made any claim against the insurance company under the policies but the Supreme Court held that an actual controversy existed between claimant and the insurance company. In that case the ultimate liability rested on the insurance company, if the claim was within the policy, since the original tort action had been reduced to judgment. Moreover, the legal interests of the parties were obviously adverse, and adverseness of interest would arise merely by the filing of the tort action by the claimant. In this case, however, there is no showing that the legal interests of the parties are adverse. Plaintiff simply

---

[7] What will undoubtedly happen is this. Upon the termination of the life estate—the death of the daughters—and in default of issue, the defendant, here, as testamentary trustee, having been advised of the claim of the plaintiff-receiver, by the institution of these proceedings, will file a bill for instructions in the Court of Chancery of the State of Delaware and seek to be advised as to whether the residuary estate should be paid to Patzowsky or his receiver. This is traditional practice in Delaware.

did not get the reassuring answer to the inquiry directed to defendant-trustee which he hoped to receive. In the Dewey & Almy case, the patentee had not brought suit against plaintiff, although an infringement action had been instituted by the patentee against another alleged infringer. The court [137 F.2d 71], in holding that a case under the Declaratory Judgment Act had been made out, went on to state by way of dictum that: "If Anode had published a printed notice or circular asserting that use of the described coagulant-dip processes constitutes an infringement of its patents this would undoubtedly mark the existence of an actual controversy between the patentee and all persons who engaged in practicing the process." The Dewey & Almy case is clearly distinguishable because the institution of suit, as would a threat, established the existence of adverse legal interests between the parties. These operative facts are obviously not present here. Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 113 F.2d 703, and Purcell v. Summers, 4 Cir., 126 F.2d 390, also relied upon by plaintiff, are distinguishable for similar reasons. As it is concluded that defendant's first ground supporting its motion to dismiss is valid, there is no necessity to discuss the other two points urged by it.

The motion to dismiss should be granted.