Valerie Schramm STEPHENSON,
Plaintiff,

v.

Grant T. STEPHENSON, Jr., and
Howard E. Stephenson,
Defendants.

No. 6122.

United States District Court
E. D. Wisconsin.

Jan. 30, 1957.

Richard Tyrell and T. L. Tolan, Jr., Milwaukee, Wis., for plaintiff.

John Redford, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action is brought for a judgment declaring that the named two defendants have no interest in certain trusts designated on the records and books of the

First Wisconsin Trust Company as Trusts Nos. 7211A and 7211B, that all rights claimed by these defendants are vested in the plaintiff and that the plaintiff's title be quieted against them, and for such other and further declaratory or other relief as to the court may seem just and proper.

Plaintiff is a widow of Grant T. Stephenson, Sr. Grant T. Stephenson, Sr. and Irene Eldred Stephenson, his divorced wife, had three children, the defendants being two of them and the third being Irene Clara Stephenson.

Defendants have set up many defenses. In the court's view it is unnecessary to discuss or go into many of them for the reasons hereinafter set forth.

The relevant facts are these: On or about June 9, 1922, a judgment divorcing one Irene Eldred Stephenson and one Grant T. Stephenson was entered in the circuit court of Milwaukee county. Pursuant to this divorce judgment, a trust was created for the benefit of Irene Eldred Stephenson for her lifetime, and with the principal remainder over "to the said * * * Grant T. Stephenson, or his assigns, if he be then living, and in the event that he shall have died prior to the death * * * (of Irene Eldred Stephenson) to such person or persons as he shall by his last will and testament, duly admitted to probate, appoint, and in default of such appointment, to his heirs or legal representatives." (Parenthesis supplied.)

Grant T. Stephenson, after having married plaintiff, died about January 29, 1951. Irene Eldred Stephenson was then, and is now, living (age about 72 years) and receiving the income from said trusts. On May 7, 1951, the Superior Court of the State of California (of which state the said Grant T. Stephenson was a citizen and resident at the time of his death) entered an order duly admitting to probate the last will and testament of said Grant T. Stephenson, and by order dated May 19, 1952, distributed to the plaintiff in this case the entire remainder of said Trusts Nos. 7211A and 7211B. Following this Superior Court order, the plaintiff attempted to effect a sale of her remainder interest. The complaint alleges that:

"By virtue of the claims of defendants * * * (to fractional interests in the remainder of the said Trust) a cloud has been cast on plaintiff's remainder interests in the alimony trusts and plaintiff's remainder interests have been rendered unmarketable." (Parenthesis supplied.)

The affidavit of Henry D. Costigan recites that:

"It is my recollection that by * * * (February 3, 1953) it had become clear that we should have to engage in litigation with Irene Stephenson's children to clear up the title to Valerie Stephenson's remainder interest before going further with our endeavors to liquidate Irene Stephenson's interest." (No doubt he means Valerie Stephenson's interest) (Parenthesis in quoted portion supplied.)

The affidavit of William P. Wentworth states that:

" * * * (Mr. Costigan and Mr. Heimerdinger) did not expect the children to claim any adverse interest. * * * Also I was later informed, in about the middle of 1952 to the best of my recollection, by Mr. Costigan that, contrary to his firm's expectation, the children of Grant T. Stephenson were claiming shares in the remainder interest and that it was probably going to be necessary to determine the ownership through a lawsuit." (Parenthesis supplied.)

The affidavit of Charles G. Heimerdinger states that:

" * * * in the conversation of November 28, 1952, I informed Mr. Politzer that contrary to our hopes and expectations we had received indications that we were going to have trouble with Irene Stephenson's children and that it appeared quite possible that they would make some claim to Valerie Stephenson's re-

mainder interest in the trusts. * * * it had become apparent to us that the only way to ascertain whether or not the children would press such claims as they thought they had would be to demand a disclaimer from them and in the event of their refusal to give us a disclaimer, to sue them for the purpose of removing any cloud on Valerie Stephenson's title."

The defendants' answer alleges that the California Superior Court decree of partial distribution is:

" * * * void and of no effect in so far as it decrees distribution of the remainder interests in said trusts; * * * "

and further, that neither the plaintiff nor the defendants have any present vested remainder interest in the said Trusts, and that the—

" * * * defendants and plaintiff will be entitled to remainder interests in said trust only in the event that they survive the life tenant."

The defendants in this case maintain that the court is without jurisdiction to hear this action because there is no "justiciable controversy", and that this action has been brought prematurely.

 The Court of Appeals said in Powers v. United States, 7 Cir., 1954, 218 F.2d 828, 829, that:

" * * * a suit under the (Declaratory Judgment) Act must present a recognizable previously existing justiciable controversy, * * * a controversy within the jurisdiction of the District Court, irrespective of the Declaratory Judgment Act." (Parenthesis supplied.)

The Supreme Court said in Public Service Commission v. Wycoff Co., 1952, 344 U.S. 237, 73 S.Ct. 236, 240, 97 L.Ed. 291, that:

" 'the issue must be real, the question practical and not academic and the decision must finally settle and determine the controversy.' " (Cit-

ing the Senate Judiciary Committee.)

It is well settled that the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, is an enabling act which confers no absolute right upon the litigant to bring an action, but rather confers discretion in the court. See Textile Workers Union v. Williamsport Textile Corp., D.C.Pa.1955, 136 F.Supp. 407.

An expression of the reason why the court to which an application for declaratory relief has discretion is found in Borchard on Declaratory Judgments, 2d Ed., 1941, at page 40:

"While actions for declaratory judgments may be brought either after wrong done or threatened, or prior thereto, the fact that *the court must be convinced that its judgment will settle the controversy and quiet the disputed or endangered rights* is an assurance against abuse of a remedy which has simplified the administration of justice. * * * " (Emphasis supplied)

The United States Supreme Court case, cited above, states that:

"While *the courts* should not be reluctant or niggardly in granting this relief in the cases for which it was designed, they *must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions * * *.*" (Emphasis supplied)

Borchard on Declaratory Judgments, 2d Ed., 1941, says at pages 56–62, and at pages 68–71, that generally the facts upon which the judgment is to operate must have accrued because a declaratory judgment "declares the existing law on an existing state of facts." The plaintiff's "danger or dilemma" may involve future advantage or disadvantage, but it may not be "contingent on the happening of hypothetical future events." The plaintiff's claim of prejudice may not be "merely possible or remote". An extensively followed rule was stated in Kariher's Petition (No. 1), 1925, 284 Pa. 455, 131 A. 265, 271. This case held

that in the event of a petition for a declaratory judgment, the court must be:

" * * * satisfied that an actual controversy, or the ripening seeds of one, exists between parties all of whom are *sui juris* and before the court, and that the declaration sought will be a practical help in ending the controversy."

Among other controversies and contentions are the following: (a) When are the "heirs" of Grant T. Stephenson to be determined so far as the remainder interest in the trusts is concerned? Is it at his death, or is it at the death of the life tenant?

(b) Did Grant T. Stephenson exercise his power of appointment in his will?

(c) Did the California Probate Court have jurisdiction over the defendants, over other heirs of Grant T. Stephenson, and over the *res* of the trusts created by the Circuit Court of Milwaukee County in the divorce proceedings and in which the Trustee is from Wisconsin and which are being administered in Wisconsin?

(d) Did the California State Court have jurisdiction over Irene Clara Stephenson in the action brought by this plaintiff in the State Court of California against her for declaratory judgment and was such judgment binding on her?

The first question is whether the plaintiff's present desire, to realize upon her claimed future remainder interest trusts in question by sale or borrowing, and the position of the defendants that neither the plaintiff nor the defendants have a present, vested interest in that remainder, presents a sufficient, justiciable controversy to warrant declaratory relief being given.

No case has been brought to the attention of the court which is more nearly in point than Kirkman v. Wilmington Trust Co., D.C.Del.1945, 61 F.Supp. 651, 654. The action in this case was for a declaratory judgment that the plaintiff was vested with title to property rights and interests of one Patzowsky, under the will of Patzowsky's father, deceased.

The deceased father's will created trusts for three persons for their lifetimes, with remainders over to their issue, and in default of issue to Patzowsky. The life tenants were all living, were all unmarried, and were all over sixty years of age. (The plaintiff in the case before the court is approximately seventy-two years of age.) Judgment was rendered against Patzowsky in New Jersey. Plaintiff Kirkman was appointed receiver of all of Patzowsky's property interests in the remainder of his father's testamentary trust (among other things). Plaintiff Kirkman attempted to secure an acknowledgment from the defendant Trustee that Kirkman was in fact a receiver of Patzowsky's property interests in the remainder of his father's testamentary trust (among other things). The defendant trustee refused to give that acknowledgment on the ground it was premature. The court found that Patzowsky's interest was contingent. It then decided that there was no controversy since it could be assumed that the trustee would not violate its fiduciary duties by disbursing the trust property to anyone except the actual owner of the remainder:

"If, by virtue of the appointment of the receiver * * * plaintiff acquired certain interests in the trusts to which defendant must give full faith and credit, then there is no reason to assume that defendant will not perform its duty in the present and as it carries out the turn-over order which will spell the legal termination of the trust it has assumed to administer during the past twenty-nine years. * * * Plaintiff's apprehension arises solely from its inability to get an encouraging answer from the defendant. This is an insufficient basis for the action as it calls for what would be truly an advisory opinion."

The case was dismissed as presenting no controversy between the parties within the meaning of the Declaratory Judgments Act. In the Kirkman case the court considered the presentation to a

Delaware trustee of a New Jersey judgment for full faith and credit. The case before the court involves the effect of a California judgment in Wisconsin, and particularly the extent to which it will be given full faith and credit by the Wisconsin trustee.

The court is persuaded that if the California Superior Court judgment is valid, and the plaintiff claims the interest being asserted in the case before the court precisely through that judgment, then it must be presumed that the Wisconsin trustee will distribute the remainder of the trusts in question upon the death of the life tenant, Irene Eldred Stephenson, to the plaintiff. There is no controversy in the case before the court within the meaning of the Declaratory Judgment Act. The plaintiff's apprehension appears to arise from its inability to obtain the disclaimer it would wish to have as expressed in the affidavit of Charles G. Heimerdinger.

It is true that in the Kirkman case the court found that the remainder interest involved (Patzowsky's) was contingent. However, in the instant case it is in issue whether the plaintiff's interest is vested or contingent. In this regard it is the defendants' position that the California Superior Court had no jurisdiction of either the defendants' persons or the corpus of the trusts. Therefore, the defendants claim that under authority of the sort expressed in In re Southworth's Estate, 1906, 52 Misc. 86, 102 N.Y.S. 447; and National Shawmut Bank of Boston v. Morey, 1946, 320 Mass. 492, 70 N.E.2d 316, 174 A.L.R. 871, the remainder interest in the trusts in question will not vest in Grant T. Stephenson's "heirs" until the death of the life tenant. Under this line of authority the "heirs" are determined as of the death of the life tenant. There is considerable authority for the plaintiff's contradictory position that the remainder was intended to vest, in default of appointment, in the "heirs" of Grant T. Stephenson as of the time of his death.

This division of authority presents the court with the prospect of litigating the rights of "heirs" who may not be parties to this instant action, or who will become "heirs" through persons who are not before this court. A recent decision of the Supreme Court of Wisconsin in In re Estate of Evans, Wis., 80 N.W.2d 408, 415, states:

"When, after the rendition of a judgment, subsequent events occur creating a new legal situation or altering the legal rights or relations of the parties, the judgment may be precluded from operating as an estoppel."

If this court were to decide the question whether the remainder interests were vested upon the death of Grant T. Stephenson, or upon the death of the life tenant, Irene Eldred Stephenson, it is altogether probable that persons would subsequently bring claims against the trustee upon the basis that they were not parties and had not had their day in court. The decision of this court could hardly "finally settle and determine the controversy" as far as persons not parties in this action are concerned.

■ For the foregoing reasons this court is of the opinion first, that the instant case does not present a case or controversy within the meaning of the Declaratory Judgments Act, and that,

"The fact that the plaintiff's desires are thwarted by its own doubts, or by the fears of others, does not confer a cause of action."

See Willing v. Chicago Auditorium Association, 1928, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880, which, while it was decided before the passage of the Declaratory Judgments Act, does define "case or controversy" in such terms as to be applicable.

■ Second, the court believes that if the plaintiff's position is correct that the California Superior Court judgment is valid and binding upon these parties, then it must be presumed that upon presentation of this judgment to the Trustee at the death of the life tenant, that it will be given full faith and credit, and distribute according to its terms. If

the California probate judgment is valid and binding, there is nothing which a declaratory judgment of this court would add to that adjudication.

Third, if the California judgment is not valid and binding upon these defendants, it is by no means certain that a judgment by this court will conclude the controversy here involved, but rather it is very much to be expected that the entire matter will be relitigated at the death of the life tenant. The judgment of this court would not be binding on interested persons who are not parties of this action and so would not finally dispose of this controversy. In this case, no purpose will be served by exercising discretion to entertain the instant action under the Declaratory Judgments Act. The foregoing sets forth the court's findings and conclusions of law. Formal findings and conclusions should be entered as to those matters. Counsel for the defendants is directed to prepare requested findings of fact and conclusions of law and proposed judgment submitting them to counsel for the plaintiffs for approval as to form only.